THE STATE EX REL. PRESCOTT LAUNDRY COMPANY and SUBSCRIBERS AT CASUALTY RECIPROCAL EXCHANGE v. MISSOURI WORKMEN'S COMPENSATION COMMISSION.—10 S. W. (2d) 916.

Court en Banc, October 2, 1928.

*Wilson L. Overall, Harvey T. Brock* and *Grover & Graves* for relators.

*North T. Gentry,* Attorney-General, *L. Cunningham,* Assistant Attorney-General, and *T. H. Antrobus,* Special Assistant Attorney-General, for respondent.

1158

ATWOOD, J.—This is an original proceeding in prohibition to restrain respondent, Missouri Workmen's Compensation Commission, from further exercising jurisdiction in the matter of a claim for compensation filed with said Commission on June 24, 1927, by one Bob Collins against relators, Prescott Laundry Company and Subscribers at Casualty Reciprocal Exchange.

The facts are rather fully stated in the petition and return filed, and as relators ask judgment on the pleadings such facts as are admitted or pleaded in respondent's return, supplemented by a brief stipulation on file, will be taken as the facts in the case. It thus appears that relator Prescott Laundry Company is and at all times herein mentioned was a corporation located and doing business at Springfield, Missouri, and that relator Subscribers at Casualty Reciprocal Exchange is a voluntary association of subscribers providing indemnity among themselves under authority of Sections 6374 to 6385, Revised Statutes 1919, as amended by Laws of 1921, page 409, and is licensed to do business in Missouri; that respondent, Missouri Workmen's Compensation Commission, is and was at all times herein mentioned a duly authorized and organized commission created by an act of the General Assembly of Missouri, Laws 1927, pages 490 to 522, and having authority and jurisdiction to pass upon all claims and disputes arising out of any injury to employees while engaged in performing their duties for employers, and to make awards and render compensation, all as provided in said act; that on June 24, 1927, claimant, Bob Collins, filed a claim with respondent and against relators for compensation for an injury alleged to have been received by him about four o'clock in the afternoon of May 22, 1927, while in the employ of the Prescott Laundry Company in Springfield, Missouri; that relators filed answer; and respondent ordered a hearing of said claim on July 12, 1927, at which hearing all parties appeared and participated, all members of respondent commission being present. It further appears that from the evidence adduced at said hearing respondent made findings of fact that an accident occurred May 22, 1927, at Springfield, Missouri, while claimant was an employee in the employ of relator Prescott Laundry Company as employer; that both before and at the time of said accident said employer and said employee had elected to accept

the Workmen's Compensation Act; that said accident arose in the course of claimant's employment while he was lifting a joist, and resulted in an injury to him in the "inguinal region (right);" that the value of necessary medical aid not furnished by employer or insurer was $15; that other compensation due to date of said hearing consisted of the reasonable cost of an operation for right inguinal hernia, then unknown, and temporary disability caused by operation, then unknown. Respondent also made the following special findings:

"1. Prior to the accident the inguinal canals and inner and outer inguinal rings of the employee were weakened, enlarged and relaxed on both sides of his body, and on the right side there was a protruding hernial sac and contents which had never previously protruded beyond the outer ring. The strain and exertion of lifting the joists caused a further protrusion, accompanied by a stinging sensation and the appearance of the hernia in a few hours beyond the right external ring. 2. The hernia existed prior to the accident and under Section 17 (b) of the act no compensation is payable for permanent partial disability. 3. There was a pre-existing condition aggravated by the accident. 4. The aggravation of this hernia can be cured by an operation at an inconsiderable risk, and the employee is willing to undergo such operation."

In connection with the foregoing findings of fact respondent made the following ruling of law:

"Where an accident aggravates a pre-existing hernia, under Section 17 (b) of the act, no compensation is payable for permanent partial disability, and liability under the act is limited to an operation for the hernia and compensation for such temporary disability as is caused by the operation."

It further appears that thereafter on July 21, 1927, respondent made the following temporary or partial award (caption and signatures omitted) upon said findings of fact:

"The above parties having submitted their disagreement or claim for compensation for the above accident to the undersigned Members of the Missouri Workmen's Compensation Commission, and after hearing the parties at issue, their representatives, witnesses and evidence, the undersigned hereby find and award temporary or partial compensation for said accident in favor of the above employee (or dependents) and against the above employer and insurer as provided in the Missouri Workmen's Compensation Act, as follows:

"An operation for right inguinal hernia, together with compensation for such temporary disability as is caused by the operation. Said operation to be furnished at once, and to be payable and be subject to modification and review as provided in said act.

"This award is only temporary or partial and is subject to further order, and the proceedings are hereby continued and the case kept open until a final award can be made. If this award be not complied with, the amount hereof shall be doubled in the final award, if such final award is in accordance herewith."

It further appears that thereafter on July 29, 1927, relators filed with respondent the following notice of appeal (caption, date and signature omitted):

"Please take notice that the Prescott Laundry Company, employer in the above-entitled cause, and also the Casualty Reciprocal Exchange, the insurer, appeal from the award made by the said Workmen's Compensation Commission in said cause under date of July 21, 1927."

It further appears that respondent failed and refused and still fails and refuses to certify under its seal any and all papers on file, together with a transcript of the evidence and findings and the award in said claim, to the Circuit Court of Greene County, Missouri, pursuant to said notice of appeal, but gave notice and held further hearings on said claim, and in its return filed herein respondent says that its members in the performance of the duties imposed on them by the Workmen's Compensation Act of Missouri were proceeding to determine said cause at the time the preliminary writ of prohibition was applied for by relator and they were notified to refrain from taking any further action therein until the issuance of the writ of prohibition could be determined by this court, and that they now intend to perform said duties if not prohibited from so doing by this court.

In the light of the foregoing facts relators alleged in their petition and now contend that the award made by respondent under date of July 21, 1927, on the hearing had on July 12, 1927, was not a partial or temporary award, but was a final award, and that when relators filed their notice of appeal on July 29, 1927, respondent was thereby deprived of jurisdiction to act further on the claim and that its sole duty and authority in connection with the same was to certify to the Circuit Court of Greene County, Missouri, its award, together with all documents and papers in the matter, as provided by the Workmen's Compensation Act in case of appeal.

Section 44 of the act, among other things, provides that "the final award of the commission shall be conclusive and binding unless either party to the dispute shall within thirty days from the date of the final award appeal to the circuit court of the county in which the accident occurred," etc. If the award made was in fact "the final award" it is apparent that any action taken by respondent on the merits of the claim subsequent to July 29, 1927, would be in

excess of respondent's jurisdiction and call for the restraining hand of equity. Respondent concedes this much, but insists that the award made was temporary or partial and not final. The question thus raised on the uncontroverted facts constrains us to assume jurisdiction. In support of their position that the award was final relators say that it required the immediate payment of money, or the contracting for payment of money, by relators, and provided for a penalty in the event of non-payment. Even so, these things and more are plainly authorized by Section 46 of the act which reads thus:

"In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award."

Relators also say that claimant's condition could not change, that all evidence pertaining to the claim was put in at the first hearing and all findings of fact were then made, and that because all members of the Commission were present at the first hearing there could be no subsequent review of the award then made. These conclusions are unwarranted. Section 46, supra, permits the making of a temporary or partial award in any case, modification of the same from time to time to meet the needs of the case, and keeping the case open until a final award can be made. Section 42 also provides that the Commission may upon its own motion "after due notice to the parties interested review any award." The award here in question unequivocally purports to be a "temporary or partial award" such as the act itself authorizes. There was no showing at the hearing previously had as to the cost of the operation mentioned in the award or the extent of the temporary disability resulting therefrom, nor did the award undertake to fix the amount of such temporary or partial compensation. Even if the final award should be in accordance with the temporary or partial award it was proper for the Commission to keep the case open, as it was empowered to do, for additional proof and findings of fact as to these matters before making the final award. However, it is not for us to assume that as long as the case was kept open further evidence would not be heard, even though the parties interested signified their intention to offer none, or that the award first made would not be reviewed, modified or even annulled before the claim was finally disposed of. As we view the award made it was clearly temporary or partial and not final. Relators' notice of appeal was premature and respondent is not without jurisdiction to proceed further and make final disposition of the claim in accordance with the provisions of the act.

Relators also urge, (1) that claimant under the admitted facts was a casual employee and therefore not entitled to compensation under the act; (2) that claimant was not engaged in work incidental to the operation of the usual business of the employer; (3) that claimant was not entitled to recover under the act for hernia because (a) at the time the hernia appeared it did not appear suddenly nor with intense pain as provided by the act, and (b) it existed in a degree prior to the accident resulting in the injury. Section 44 of the act provides for an appeal from the final award to the circuit court of the county in which the accident occurred, where questions of law may be reviewed and the award modified, reversed, remanded for rehearing, or set aside upon any of the following grounds: 1. That the Commission acted without or in excess of its powers. 2. That the award was procured by fraud. 3. That the facts found by the Commission do not support the award. 4. That there was not sufficient competent evidence in the record to warrant the making of the award. The same section further provides that appeal from the circuit court shall be allowed the same as in civil actions and all appeals to the circuit and appellate courts shall have precedence over all other cases except election contests. The act itself thus provides a speedy and adequate method for the determination of such questions as the three last above mentioned and we would not consider them in this proceeding were it not for the fact that we have already assumed jurisdiction of the cause.

In support of above propositions (1) and (2) relators direct our attention to Section 5 of the act, and particularly the third subdivision thereof which provides that Sections 2, 3 and 4, indicating who are presumed to be under the act, etc.. shall not apply to ''employments which are but casual or not incidental to the operation of the usual business of the employer.'' However, the same section contains the following further provision:

''Any employer in this section exempted from the operation of sections 2, 3 and 4 of this act may bring himself within the provisions of this act by filing with the commission notice of his election to accept the same. and by keeping posted in a conspicuous place on his premises a notice thereof to be furnished by the commission, and any employee entering the services of such employer and any employee remaining in such service thirty days after the posting of such notice shall be conclusively presumed to have elected to accept this act unless he shall have filed with the commission and his employer a written notice that he elects to reject this act.''

Among respondent's findings of fact in the record before us is one that before and at the time of the accident both the employer and the employee had elected to accept the provisions of the Employers' Liability Act. The record shows that both the employer and the

employed appeared at the hearing and actively participated therein without objecting or even suggesting that they had not accepted the provisions of the act, and neither party will now be heard in this proceeding to raise such objection. An administrative body charged with governmental functions should not be ambushed or trifled with any more than a court. The Commission's finding of fact that both employer and employee had accepted the act is not without support in the record, and it therefore becomes immaterial in this proceeding whether or not the employment was casual or incidental to the operation of the usual business of the employer.

Relator's above proposition (3) is also irrelevant on the record presented, for it is obvious that the injury under consideration is not the hernia, but the condition found to exist on account of the aggravation of or injury to the hernia.

For the reasons above stated peremptory writ herein is denied and the proceeding is dismissed. All concur, except *Gentry, J.*, who did not sit, and *Ragland, J.*, who concurs in the result only.