BALTIMORE TOWAGE & LIGHTERAGE COMPANY, INC., ET AL. *v.* JOSEPHINE SHENTON
[No. 35, April Term, 1938.]

*Decided June 14th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*F. Gray Goudy*, with whom was *H. Beale Rollins* on the brief, for the appellants.

*Milton Leven*, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The question in the case is whether the death of the claimant's husband by drowning could be found to have been the result of an accident arising out of his employment, within the purview of the Workmen's Compensation Act, Code, Art. 101.

The husband was employed by the Baltimore Towage and Lighterage Company as a truck driver, and he fell into the water of Baltimore Harbor while waiting for his truck to be loaded with pipes from a railroad car on a pier. The car was on the side of the pier, and was being unloaded from the inner side. Shenton, while waiting, was standing on the outer side of the car, about twenty feet away from his truck, on an apron of the pier, and about in the middle of a space on it, ten feet wide between the car and the water, without anyone

near him, when he was seen to waver from side to side, then to throw up a hand and to fall overboard. A rope was thrown to him while he was still on the surface of the water, but he appeared unable to grasp it, sank, and was drowned. His foreman had talked with him ten minutes earlier, telling him to call up his office, and had seen nothing wrong with him. Subsequently, when the foreman had walked 125 to 150 feet down the pier, he turned just in time to see the occurrence as described. He did not see Shenton immediately before he was wavering as stated, but the man did not seem to him to stumble or trip, or to be struck. There was no other eye witness to the fall. No marks, and no indications of disease, or other possible cause of the man's toppling over, were found on his body.

Compensation was allowed by the State Industrial Accident Commission, and the allowance was confirmed on the appeal below. A prayer of the employer and the insurer for direction of a verdict denying that the death was due to an accident arising out of the employment was refused, and the refusal is the main ground of appeal.

It is not disputed in the argument that the drowning occurred in the course of the man's employment. His work carried him to the pier, over deep water, to wait as he was doing. And while he was not required to wait at the particular spot, there was no reason for his not doing so, or for waiting in any other spot. He was required to stand by for the time being, and he was nearby the car, and only a short distance from the work on which he was waiting. But that there was any evidence of an accident arising out of the employment to cause him to topple and fall is disputed, and that has been the ground of the argument on the question of direction of the verdict. It is, however, not the whole ground to be considered.

Assuming it to be true that there is no evidence of an accidental cause of the fall, no evidence of any occurrence exterior to the man's own body, could the drowning

which followed the fall as a consequence of the man's being on the pier constitute "death * * * resulting from an accidental * * * injury * * * arising out of * * * his employment?" Code, Art. 101, sec. 14. There was unquestionably an accidental drowning, and it would not have resulted from a fall, whatever the cause, had not the man been required to be on the pier at the time. Possibly a faint, or some other imaginable occurrence that may have caused him to topple over, would be considered a proximate cause, if that is important, but, when there is no possibility of a cause of the death unrelated to the employment, is the compensation system concerned with a distinction between proximate and remote causes? Can that distinction be observed consistently with the fundamental purpose of transferring the burden of injury by extra hazards of an employment from the workmen to the industry? Precisely these questions have not been argued in this court in the few cases which have borne some resemblance on the facts. See *Baltimore Dry Docks etc. Co. v. Webster*, 139 Md. 616, 116 A. 842; *Southern Can Co. v. Sachs*, 149 Md. 562, 131 A. 760. But they have been the subjects of discussion by a number of other courts. The decisions in this country disagree.

In England, compensation has been allowed in such cases since the decision in *Wicks v. Dowell & Co., Ltd.*, [1905] 2 K. B. Div. 225. Wicks, while unloading coal from a ship, and standing by the open hatchway through which the coal was being raised, was seized with an epileptic fit, and fell into the hold, to his injury. Collins, M. R., said, page 229, "When we get rid of the confusion caused by the fit and the confusion involved in not dissociating the injury and its actual physical cause from the more remote cause, that is to say, from the fit, the difficulty arising from the words 'out of the employment' is removed. How does it come about in the present case that the accident arose out of the employment? Because by the conditions of his employment the workman was bound to stand on the edge of what I may style a precipice, and if in that position he was seized with a fit he

would almost necessarily fall over. If that is so, the accident was caused by his necessary proximity to the precipice, for the fall was brought about by the necessity of his standing in that position."

In *Mausert v. Albany Builders' Supply Co.*, 250 N. Y. 21, 164 N. E. 729, compensation was held allowable for the death of a teamster by falling from his seat and under the wheels, from an unknown cause. "It is the fall," said the court, page 25, 164 N. E. page 730, "and the injury resulting from it that constitutes an accident within the purview of the statute. The cause may be disregarded and the inquiry limited to the investigation to disclose whether the fall * * * bore with it such consequences as would not have occurred except for the employment." The same court, in *Andrews v. L. & S. Amusement Co.*, 253 N. Y. 97, 170 N. E. 506, held that compensation was not allowable for the result of a fall to the sidewalk of a workman who, while walking there in the course of his employment, was seized with a fit. Distinguishing the *Mausert* case the court said (page 507), "The risk of falling from the seat of a truck and being injured was incident to and a risk of his employment. Every day that he was driving his truck there was the risk or danger that he might fall off, while careless or asleep, and be injured either by the horses, other vehicles or his own. * * * It was as a teamster that he incurred the risks." On the other hand, "The risk of falling to the pavement in such a fit was not due to the employment." So in Massachusetts. In *Dow's Case*, 231 Mass. 348, 121 N. E. 19, in which a boy, from physical infirmity, fell into a machine at which he was working, the court said, page 352, 121 N. E. page 21, "The real question is not so much the cause of the fall or whether the fall as such arose out of the employment, but whether the risk and harm of a fall into or upon machinery then in use by an employee are incidents of that business and hazards to which the workman would not have been exposed apart from that business." And on the contrary, in *Cinmino's Case*, 251 Mass. 158, 146 N. E. 245, in which the work-

man, from a cause unknown, reeled, threw up his hands, and fell to the concrete floor of a factory, compensation was held not allowable on those facts, the court finding that a fall to a floor was not a hazard peculiar to the work, and remarking that there was no substantial resemblance in the case to that of *Wicks v. Dowell & Co., Ltd., supra,* or *Dow's Case.* In accord with these cases is *Freedman v. Spicer Mfg. Co.,* 97 N. J. L. 325, 116 A. 427, a case in which compensation was held allowable for the results of a fall in a faint.

In *Reeves v. Dady Corporation,* 95 Conn. 627, 113 A. 162, in which the workman, feeling faint, went to stand at a doorway, and there fainted and fell to his death, the court, while holding it unnecessary for the claimant to prove that the employment, or some condition connected with it, was the proximate cause of the fall, concluded that as the employment did not take the man to the door the accident did not arise from the employment.

On the other hand, some American courts have taken the view that death or disability from an accidental injury arising out of the employment intends an accident originating, as a proximate cause, the fall which produces the death or injury. See *Cox v. Kansas City Refining Co.,* 108 Kan. 320, 195 P. 863, a case of a fall against hot pipes, and *Bibb Mfg. Co. v. Alford,* 51 Ga. App. 237, 179 S. E. 912, a case of the fall of a dizzy man to the floor; and note 37 *A. L. R.* 771. The court in *Bibb Mfg. Co. v. Alford, supra,* thought the weight of authority in American cases supported the requirement of accident in the originating cause of the fall, but in some of the jurisdictions referred to the opposite conclusion has been reached, notably in New York and Massachusetts, as in the cases here quoted.

In the face of this conflict it cannot be said that there is no room for a difference in construction of the statutory requirement, but it is the conclusion of this court that the holding of the English case, and the American cases in accord with it, conforms to the terms and the purpose of the compensation system, as stated, and that

an accident met with as a consequence of a fall, if that consequence is brought about by hazards of the employment, and would not be met with except for the employment, must be considered to arise out of the employment. And when there is legally sufficient evidence for a finding that it did arise out of the employment, and the case is otherwise within the statute, a verdict to the contrary could not, of course, be directed. The court therefore concurs in the ruling refusing the prayer in this instance.

An exception was taken to the exclusion of a question for the appellants asking a physician who had watched an autopsy on Shenton's body for his opinion on the cause of the man's wavering preceding his fall. A sufficient ground for allowance of the compensation has been found to exist on the undisputed facts, whatever may have been the originating cause of the wavering and fall, and therefore an opinion on that cause could not affect the result, and may be disregarded.

*Judgment affirmed, with costs.*