## LORD BALTIMORE HOTEL CO. ET AL. *v.* DOYLE ET AL.

[No. 108, October Term, 1948.]

508

*Decided March 10, 1949.*

*Rehearing denied April 27, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Talbot W. Banks* and *Thomas G. Andrew* for the appellants.

*Paul Berman,* with whom were *Sigmund Levin* and *Theodore B. Berman* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

Bernard C. Doyle had been employed by the Lord Baltimore Hotel Company as a steam engineer for about five years prior to his death on June 21, 1947, at the age of 58. In 1943 he had undergone an operation for a gastric ulcer which left him with a post-operative, ventral hernia at the site of the four-inch abdominal incision. For a year or two following the operation there was a gradual increase in its size, after which it remained quiescent, so that he did not submit to a further operation. He

was in good health and worked regularly. On June 12, 1947, while working on a ladder fixing a leak in an overhead steam line, he slipped and fell, striking his abdomen against a "sump pump" in such a way as to reactivate the old hernia. On June 13, he was advised by his Doctor that an immediate operation was necessary, because of the swelling and enlargement of the hernia, which assumed a formidable size. There was no strangulation. That is a condition which does not occur in a hernia of the incision type. On June 21, Mr. Doyle was operated upon, but died within 25 minutes afterwards of an acute cardiac collapse. His dependents, his widow and mother, filed claim for workmen's compensation. The claim was disallowed by the State Industrial Accident Commission. Upon appeal to the Baltimore City Court the case was submitted to the court, without a jury, upon an agreed statement of facts. From an order reversing the commission the employer and insurer appeal. The trial court took the position that "the dependents' claim for compensation is not for the hernia"; that the hernia was only "an incident in the chain of events leading to his death. The pre-existing hernia is not the basis of the claim for compensation. It is the death caused by the fall that is compensable."

It is clear that an aggravation or acceleration of a pre-existing disease or infirmity, other than hernia, is ordinarily compensable under the Maryland act. *Schemmel v. F. B. Gatch & Sons Contracting & Bldg. Co.,* 164 Md. 671, 166 A. 39; *Baber v. John C. Knipp & Sons,* 164 Md. 55, 163 A. 862. Regarded as a problem in causation, it is also clear that for the purposes of the Compensation Act the death from the heart attack was a natural or logical consequence of the blow that necessitated the operation. Compare *Baltimore Towage & Lighterage Co. v. Shenton,* 175 Md. 30, 199 A. 806. On the other hand, the claim of the surviving dependents must be measured by the same tests of liability as would have been applied to the claim of the employee himself, had he survived. *Di Pietro v. Baltimore,* 179 Md. 220, 17 A. 2d 140; *Sea*

*Gull Specialty Co. v. Snyder,* 151 Md. 78, 84, 134 A. 133. In determining liability for the death we cannot disregard the fact that the claim is based upon the aggravation or acceleration of a pre-existing hernia by the accident, and not upon the consequential death from heart attack.

The trial court relied strongly upon the case of *Ross v. Smith,* 169 Md. 86, 179 A. 173, decided May 26, 1935. The only issues in that case were whether there was an accidental injury arising out of and in the course of employment, and whether the employee's death was a result of such an injury. The cause of death was a strangulation of a pre-existing hernia. The court remarked that the provisions of section 36 of Art. 101, Code (1924), as amended by ch. 363, Acts of 1931, relating to apportionment of disability due in part to an accidental injury, and in part to a pre-existing disease or infirmity, were not applicable where death ensued, and that the old hernia was not the hernia for which compensation was claimed, but was a strangulated hernia which did not exist before the accident. Although the language was not quoted, the court seems to have had in mind those provisions of section 36, as amended in 1931, which read: "In all claims for compensation for hernia, compensation may be allowed only upon definite proof to the satisfaction of the Commission * * * that the hernia did not exist prior to the injury for which compensation is claimed". Thus it may fairly be said that the holding was that this language did not bar recovery for injury resulting in the strangulation of a pre-existing hernia. Before this decision was handed down, by Ch. 487, Acts of 1935 (approved April 25, 1935, effective June 1, 1935), section 36 was amended by adding a proviso to the language quoted, reading as follows: "Provided, that if as a result of an accidental injury arising out of and in the course of the employee's employment a pre-existing hernia becomes so strangulated that an immediate operation is necessary, the provision of this sub-paragraph requiring proof that the hernia did not exist prior to the

injury for which compensation is claimed shall not apply." This same language appears in the section now applicable, section 35(5) of Art. 101, Code (1947 Supp.), as last enacted by ch. 895, Acts of 1947.

The appellees contend, and the trial court held, that the provisions of section 35(5), dealing with "claims for compensation for hernia", are inapplicable to the case at bar. They admit that the present claim does not fall within the category of a new hernia or the strangulation of a pre-existing hernia, but contend that these categories are not exclusive. Following the reasoning of *Ross v. Smith, supra,* they contend that aggravation or acceleration of an old hernia is a new condition, compensable under the general provisions of the act, which do not bar recovery on account of predisposition due to a pre-existing disease or infirmity. On the other hand, the appellants contend that the section covers all claims involving hernia, and that the effect of the amendment is to bar any claim based on a pre-existing hernia, unless the injury produces strangulation requiring an immediate operation.

We think the argument of the appellees is foreclosed by our recent decision in *Bethlehem Steel Co. v. Ziegenfuss,* 187 Md. 283, 49 A. 2d 793, 794. In that case there was a claim for disability due to injury which aggravated or accelerated a pre-existing protrusion that had been variously diagnosed as a relaxed muscle and a post operative, ventral hernia. It was pointed out that "cases involving hernia constitute an exception to the usual type of cases under the Workmen's Compensation Act." After reviewing the history of the legislation and decisions upon the subject, we said, 49 A. 2d at page 796: "Under this statute the Court thinks that in a case such as the present one, in which there is no question of the strangulation of a pre-existing hernia, it is incumbent upon the claimant to prove that she had no pre-existing hernia". We held that the evidence was legally insufficient to show that the claimant had no pre-existing hernia, and denied recovery. We think this case is indistinguish-

able and controlling. When the legislature, in 1935, specifically allowed recovery in cases involving the strangulation of pre-existing hernia, it excluded recovery for aggravation or acceleration of pre-existing hernia, short of strangulation, by necessary implication. We find no room for a distinction based upon the fact that the claim is for death benefits rather than disability.

The appellees contend that the case of *Baking Co. v. Wickham*, 178 Md. 381, 388, 13 A. 2d 771, 774, decided after the amendment of 1935, supports their construction of the statute. In that case it was said: "Whether the claimant was or was not predisposed to develop hernia because of a former strain, we are of the opinion that * * * there was sufficent evidence from which a jury could conclude that the accident of which he complains either accelerated an existing rupture or developed a strangulated hernia. In either contingency, we conclude that the trial court was without error in refusing the demurrer prayers of the appellant." There was evidence that the claimant suffered a strain some three months before the accident that caused strangulation, but the court remarked that this "would not necessarily indicate hernia". There was undisputed evidence that strangulation resulted from the injury, and this would have fully justified the refusal of a demurrer prayer. But insofar as the language quoted may be taken to imply that the acceleration of a pre-existing hernia, without strangulation, is compensable, we think it is inconsistent with the later holding in *Bethlehem Steel Co. v. Ziegenfuss, supra*, and we must decline to follow it.

The judgment will be reversed and the case remanded with instructions to enter a judgment affirming the finding of the State Industrial Accident Commission.

*Judgment reversed, with costs.*