FURLEY *v.* WARREN-EHRET CO. ET AL.

[No. 168, October Term, 1949.]

340

342

*Decided May 11, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Edwin S. Panetti* for the appellant.

*Jesse Slingluff, Jr.,* with whom were *Michael P. Crocker* and *Marbury, Miller & Evans* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

Harry Furley, an employee of the Warren-Ehret Company, received an injury to his eyes on April 25, 1945 in the course of his employment, for which on December 6, 1946 he was awarded workmen's compensation for permanent total disability in an amount not to exceed $7,500. He died on April 24, 1948 from causes wholly unrelated to the accidental injury. At the time of his death there was an unpaid balance of about $3,000.

Tillie Furley, the widow and sole dependent of the decedent, filed a petition before the State Industrial Accident Commission to have the portion of the award accruing subsequent to his death paid to her. On January 13, 1949 the Commission made a finding that under the law then in effect "the unpaid compensation at the date of death shall survive to and vest in the personal representatives of the deceased". The only order passed, however, was "that Tillie Furley, wife of Harry Furley, deceased, was his only dependent at the time of his death".

The employer and insurer on January 31, 1949 noted an appeal to the Superior Court of Baltimore City by serving a copy of the notice of appeal on one of the Commissioners. Notice of the appeal was not filed in court. On February 1, 1949 by letter to the Commission, counsel for the employer and insurer requested "that the preparation of the transcript of the record herein be deferred until you receive further word from me." On April 28, 1949, as shown by a note in the Commission's

file, the reporter was informed that counsel for the employer and insurer requested him "to go ahead and send it to court per usual." The record was forwarded and received by the Clerk of the Court on July 18, 1949. On July 29, 1949 the employer and insurer filed a motion to reverse the "award and order of State Industrial Accident Commission dated January 13, 1949" and direct it to "pass an order denying the claim of Tillie Furley, widow, to any of the benefits of the award of [December] 6, 1946 which had not become due and payable prior to [his] death." On August 18, 1949, the claimant filed a motion *ne recipiatur*, on the ground that the appeal was not taken in time; that the request that the preparation of the transcript be deferred was, in effect, a dismissal of the order for appeal, which could not thereafter be reinstated. This motion was overruled and on October 21, 1949 the court passed an order reversing the "action" of the Commission and entered judgment for costs in favor of the employer and insurer. From that order the widow entered an appeal to this court. On November 18, 1949 the widow, having qualified as administratrix of the estate of Harry Furley, intervened as administratrix, by leave of court, and also filed an appeal to this court.

The appellants contend (1) that the court should have granted its motion *ne recipiatur*; (2) that the judgment of the court should be reversed, and the award of the Commission affirmed or the case remanded to the Commission with directions to enter an award of the unpaid balance to the widow, or to the administratrix. The appellees contend the judgment should be affirmed on the ground that the liability for payment of the unpaid balance of the award did not survive the death of the employee, and that the request for deferment was not a dismissal of the appeal. The appellees also suggested in argument that in any event the order of the Commission was not a final order.

Under Section 39, Article 101 of the Code, it is the duty of the Commission when any claim is filed to "make

or deny an award, determining such claim for compensation, and file the same in the office of the Commission, together with a statement of its conclusions of fact and rulings of law." By Section 67(5) " 'Compensation' means the money allowance payable to an employee or to his dependents * * *". These sections do not contemplate that the Commission should make findings of fact or rulings of law *in vacuo*. An appeal is allowed, not from a finding or opinion of the Commission, but from its "decision", disposing of the case. *Liggett & Meyers Tobacco Co. v. Goslin*, 163 Md. 74, 78, 160 A. 804. *Cf. Big Vein Coal Co. v. Leasure*, 192 Md. 435, 64 A. 2d 563. An order that the widow was the sole dependent was not an award determining her claim for compensation. It is conceded that the widow was the sole dependent. It is also conceded that she was not entitled by reason of the death. *Cf. Lord Baltimore Hotel Co. v. Doyle*, 192 Md. 507, 508, 510, 64 A. 2d 557, 558. The sole question is whether the claim of the employee survives or abates.

The order not only failed to award the balance of the claim to the widow, but in so far as it incorporated a ruling that the personal representative was entitled, it was adverse to the widow's claim. Yet the widow did not appeal. In so far as the order undertook to adjudicate the rights of a personal representative not a party to the proceeding, it was nugatory and cannot stand.

It is contended, however, that the order must be taken to mean that the widow was directly or indirectly entitled to the unpaid balance, the amount of which is not in dispute. It is difficult to see how it could be given that meaning, but since the questions were fully argued in the court below and in this court, we think it appropriate to dispose of the case on the merits.

In regard to the timeliness of the appeal, the Statute provides that any person aggrieved by a decision affecting his interests "may have the same reviewed by a proceeding in the nature of an appeal and initiated in the Circuit Court of the county or in the Common Law

Courts of Baltimore City * * *. No such appeal shall be entertained unless notice of appeal shall have been served personally upon some member of the Commission within thirty days following the rendition of the decision appealed from". Code Supp. 1947, art. 101, § 57. These provisions were construed in *Monumental Printing Co. v. Edell,* 163 Md. 551, 553-560, 164 A. 171, 172, where it was held that the appeal need not be docketed in the trial court within thirty days, if notice is served on a member of the Commission within that time. However, the Court said: "The duty of the commission is to transmit the record promptly, or as soon as can be."

We are told that it is an established practice and custom for the Commission to defer sending up the record, upon request. A letter from the Secretary of the Commission to counsel for both parties, set out in the appendix, so states, and in justification it is said: "These delays in writing up the records to go to court on appeal are sometimes very helpful to the staff of the State Industrial Accident Commission and save considerable work particularly when a settlement may be effected before the record is prepared." If the Commission has any discretion in the matter, it would seem that the convenience of its staff is not a proper criterion for its exercise. There is no suggestion that any settlement was under consideration. It is true that the appeal is not a stay, but we can well imagine cases in which delay might be prejudicial to the opposing party. Such party, at the very least, would be entitled to notice of the request and an opportunity to object. Moreover, the statute clearly contemplates prompt disposition of claims on appeal. The proceedings on appeal "shall be informal and summary." Where appeals are taken to this Court, it is provided that "such appeals shall have precedence over all cases except criminal cases." Section 57, Article 101 of the Code.

In the instant case the appeal was timely, and we think the effect of the request for deferment cannot be deemed a dismissal of the appeal, even if the Commis-

sion erred in granting it in the absence of adequate grounds or the consent of the parties. Since there is no showing of prejudice we think the motion *ne recipiatur* was properly denied.

At the time when the injury was sustained, April 28, 1945, Section 48, Article 101, (now Section 35) provided: "If any employee dies, the right to any compensation payable under this Sub-section, unpaid at the date of his death, shall survive to and vest in his personal representatives". The subsection in which this language occurs is subsection (3), under the heading "Permanent Partial Disability." This language was construed in the well-considered case of *Cambridge Manufacturing Co. v. Johnson,* 1930, 160 Md. 248, 251-260, 153 A. 283. In that case there was an effort to substitute the personal representative where the claimant died while an appeal from an award of permanent total disability was pending. It was held that the language quoted must be confined to claims of permanent partial disability, and that the claim for permanent total disability did not survive. In that case the death was due to the original accident, so that the dependents would have had a claim, which, as the Court pointed out, 160 Md. at page 258, 153 A. at page 287, would "result in dependents receiving a large part of the award originally made to the injured party by reason of their being the personal representatives of the deceased, and at the same time receiving the full amount provided in the statute for dependents."

So far as the personal representative is concerned, that case is controlling here, and it was plainly intimated that the claim to the balance would not survive to the widow (if the death was not due to the accidental injury) for the court said, 160 Md. at page 259, 153 A. at page 288: "As to that portion of the award which the injured person was not entitled to have paid to him personally during his lifetime, in our opinion, no administrator or other person has the right to collect after his death."

The contention that the change in the law effected by Chapter 462, Acts of 1945, can be applied to the instant

**348**

case is likewise answered by the case of *State Accident Fund v. Jacobs' Adm'r*, 140 Md. 622, 118 A. 159, 24 A. L. R. 434, cited in *Cambridge Mfg. Co. v. Johnson, supra*. The survival of the claim depends upon the law in effect when the injury occurred. Under the law in effect at the time of the injury in the instant case the claim did not survive to the dependent, directly or indirectly.

*Judgment affirmed, with costs.*