99 N.J. Super. 389 (1968)
240 A.2d 44
ALLEGRA JUDAH, PETITIONER-RESPONDENT,
v.
GENERAL SUPERMARKETS, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Middlesex County Court, Law Division.
Decided March 7, 1968.
*390 Mr. Jack Wysoker for petitioner-respondent (Messrs. Mandel, Wysoker, Sherman & Glassner, attorneys).
Mr. Isidor Kalisch, for respondent-appellant.
CONVERY, J.S.C.
This is an appeal from an award of temporary disability benefits and medical expenses following hearings in the Workmen's Compensation Division.
Respondent denied that petitioner met with an accident arising out of and in the course of her employment, putting *391 petitioner to proof as to each material allegation of the petition.
The issues involved in this appeal are: (1) is an award of temporary disability benefit and medical expenses a final judgment which can be appealed to the county court, and (2) does the record before the Division establish a compensable work-connected injury?
The court here reviewed the testimony in the Division.
The question of whether an award of temporary disability benefits and medical expenses is a final judgment which can be appealed to the county court appears to be novel in this State.
Appeals from compensation awards are governed by N.J.S.A. 34:15-66 which states:
"Either party may appeal from the judgment of the director, deputy director, or referee, to the County Court of the County in which the accident occurred * * *."
The word "judgment" as used in this action means "final judgment." In Barry v. Wallace J. Wilck, Inc., 65 N.J. Super. 130, 137 (App. Div. 1961), the court held that the county court had no jurisdiction over appeals from interlocutory orders in compensation cases and stated:
"The use of the word `judgment' without any qualifying or amplifying language, and in the context found, imports the idea of `final judgment.' Clearly, it deals with the final disposition of the issues raised in a proceeding. It is unreasonable to conclude that the Legislature intended to convey the idea that all intermediate and interlocutory orders made by the Division in the course of its processing a compensation claim should be appealable as a matter of right."
In the proceedings before the Division petitioner claimed that she was injured while performing her duties for respondent. Respondent denied petitioner's injuries were work-connected and thus would be noncompensable. Testimony was heard and the judge of compensation concluded that:
*392 "* * * petitioner sustained injury by accident which arose out of and in the course of her employment with the respondent on June 16, 1966, of which the respondent had due and timely notice and knowledge; and that said injury is causally related to said accident."
An employee is not required to wait until his permanent disability is fixed and evaluated before applying for relief. Medical attention or temporary compensation may be ordered by the Workmen's Compensation Division in accordance with R.S. 34:15-15. Voorhees v. Glenwal Co., Inc., 77 N.J. Super. 65 (App. Div. 1962).
The statute providing awards for medical service and temporary compensation creates independent rights apart from the statute authorizing an award for permanent total disability. While the remedy of permanent disability is still to be determined, this is an independent right arising from a common remedy of workmen's compensation and is merely a matter of continuing that portion of the case until the results can be measured. Chickachop v. Manpower, Inc., 84 N.J. Super. 129 (Law Div. 1964).
I am of the opinion that the finding by the judge of compensation that a work-connected temporary compensable injury was sustained by petitioner is a final judgment appealable to the county court.
To conclude otherwise would subject a respondent to the danger of paying an award of temporary disability and medical service and then being unable to collect back the monies paid to a petitioner if the reviewing court concluded that the injury was unconnected to petitioner's employment. This is also in accordance with the policy of prompt payment of workmen's compensation awards as stated in Grogan v. William J. Scully, Inc., 42 N.J. Super. 174, 179 (App. Div. 1956). It is in the interest of the parties to have the issue of temporary disability determined as soon as possible when either of the parties questions the findings of the Division on this issue.
I find that the county court has jurisdiction to hear the appeal.
*393 The court determined that petitioner had proved she had met with an accident arising out of and in the course of her employment. The award of the Division of Workmen's Compensation is affirmed.