# MAYOR AND CITY COUNCIL OF BALTIMORE *v.* CLINE

[No. 368, September Term, 1971.]

*Decided June 12, 1972.*

The cause was argued before BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ., and ROBERT E. CLAPP, JR., Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Clayton A. Dietrich, Chief Assistant City Solicitor,* and *Richard K. Jacobsen, Assistant City Solicitor,* with whom was *George L. Russell, Jr., City Solicitor,* on the brief, for appellant.

*John Brockenbrough Fox,* with whom was *Frank J. Blair* on the brief, for appellee.

PER CURIAM:

This Court granted a writ of certiorari in this case to review the decision of the Court of Special Appeals, 13 Md. App. 337, 283 A. 2d 188 (1971), the petition for the writ contending that that court had misapplied established rules of statutory construction by allowing death benefits to a dependent in a Workmen's Compensation case in accordance with an amendatory schedule of benefits becoming effective before the death of the injured workman, but after his injury. The appellant contended in the Court of Special Appeals as it contends here that this gives a retroactive effect to an increased schedule of benefits without express legislative direction.

The appellant further contended that the Court of Special Appeals ignored two cases decided by this Court alleged to be directly in point, these cases being *Dashiell v. Candy Shops,* 171 Md. 72, 74, 188 A. 29 (1936) ; *General Electric Co. v. Cannella,* 249 Md. 122, 123, 133-34, 238 A. 2d 891 (1968) ; and misapplied *Furley v. Warren-Ehret Co.,* 195 Md. 339, 348, 73 A. 2d 497 (1950).

After due consideration, we affirm the decision of the Court of Special Appeals and adopt its opinion. It is there pointed out that,

"Under the Workmen's Compensation Law of Maryland there are two distinct types of claims which may arise in favor of dependents:

(1) The claims of dependents in cases where the employee dies from causes not related to his compensable injury, leaving unpaid at the time of his death an award of permanent total or permanent partial disability compensation. Code, Article 101, Sections 36 (1) (c), 36 (4) (c) ;

(2) the claims of dependents in cases where death was the result of the compensable injury and occurred with-

in five years of the injury. Section 36 (8).

In the first type of case it is not the death which is compensable under the statute but rather the injury, and it is the right of the workman himself to collect the benefits unpaid from that injury at the time of his death which survives. Those who take, in the event of his death, take under him, and not independently. Thus, the survivor's right to payment of compensation benefits is governed by the statute in effect at the time of the injury. See *Furley v. Warren-Ehret Co.,* 195 Md. 339."

The cases alleged by the appellant to have been ignored or misapplied by the Court of Special Appeals deal only with claims by an injured workman himself or by dependents for the unpaid balance of a previous award to an employee who dies from causes not related to his compensable injury. They, of course, are not in point with respect to claims of dependents in cases where death results from the compensable injury.

*Judgment of Court of Special Appeals affirmed.*
*Costs to be paid by the appellant.*