FLYING "A" SERVICE STATION ET AL. *v.*
BLANCHE JORDAN

[No. 463, September Term, 1972.]

*Decided April 9, 1973.*

478

The cause was argued before THOMPSON, POWERS and MENCHINE, JJ.

*John F. Ward*, with whom were *Shapiro, Weil & Jacobs* on the brief, for appellants.

*Thomas F. Santer*, with whom were *Martin E. Gerel* and *Ashcraft & Gerel* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Blanche Jordan worked from October 1967 to 14 January 1968 at a car wash in Lanham, Prince George's County, operated by the Flying "A" Service Station. On the latter date she was severely injured, in the course of her employment, while riding in her employer's truck which was involved in an accident.

Compensation for temporary total disability was paid for several intermittent periods over the next two years or more. On 22 June 1971 a hearing was held before the Workmen's Compensation Commission to determine the employee's average weekly wage, and the nature and extent of her permanent partial disability of the body as a whole.

In its order dated 2 July 1971 the Commission found that the claimant's average weekly wage was $48.00, and that she sustained a permanent partial disability under "Other Cases" amounting to 40% industrial loss of use of her body as a whole. Upon those findings the Commission entered an appropriate order for payments of compensation. After ordering certain adjustments in compensation previously paid for temporary total dis-

ability, the order requires payment of "* * * compensation for permanent partial disability at the rate of $32.00, payable weekly, beginning April 23, 1970, not to exceed the sum of $8,544.00 allowable under 'Other Cases' * * *."

Five days after the order claimant's attorney filed with the Commission a paper entitled, "Petition for Reconsideration", the text of which was, "Claimant respectfully requests this matter be set for hearing on its Petition for Reconsideration upon error of law." A copy was mailed to counsel for the employer and insurer.

At the outset of a hearing held on 14 September 1971 the Commissioner said:

> "Now, there was a hearing held on June the 22nd. There was a finding of 40 percent industrial loss of use of her body. Now, what are we back here on today?

Counsel for the claimant answered that it was the average weekly wage. The Commission proceeded to hear evidence, and on 15 October 1971 entered an order amending its previous orders, found the average weekly wage to be $60.00, and amended the schedule of payments and the aggregate payment accordingly.

The employer and insurer filed an order of appeal and accompanying petition in the Circuit Court for Prince George's County, stating that the appeal was taken from awards of compensation dated 2 July 1971 and 15 October 1971. Claimant filed a motion to dismiss the appeal from the order of 2 July 1971 because the appeal was taken too late.

After hearing argument the court dismissed the appeal as to the order of 2 July 1971 and limited the appeal to the average weekly wage. A non-jury hearing on the merits of that issue resulted in a finding by the court that the claimant's average weekly wage was $60.00, as found in the Commission's amended order. The court affirmed the Commission and dismissed the appeal.

The employer and insurer could not properly appeal to

this Court from the first order of the circuit court, which did not adjudicate all the claims in the case, Maryland Rule 605, but did enter a timely appeal to this Court after the second order was filed on 17 July 1972.

Appellants ask here:

1. Did the lower Court err in dismissing a portion of Appellants' appeal on the basis that Appellants had not noted a timely appeal?

2. Did the lower Court err in reaching its determination of the Appellee's average weekly wage?

The circuit court's dismissal of the appeal as to part of the Commission's order was in error. The appeal from the Commission's order of 15 October 1971 brought the entire case before the court for review. References to the Commission's order of 2 July 1971 must be treated as surplusage.

Code, Art. 101, § 56 (a) says, in part:

"Any employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission affecting his interests under this article, may have the same reviewed by a proceeding in the nature of an appeal * * *."

Maryland Rule B4, relating to appeals from administrative agencies, says:

"An order for appeal shall be filed within thirty days from the date of the action appealed from * * *."

Subsection (e) of Art. 101, § 56 provides:

"If a motion for rehearing is filed, the time within which an appeal can be taken from the decision shall commence from the time of the ruling by the Commission on the motion. Such motion by one party shall not operate to stay the right of the other parties to the cause to file an appeal under this section."

A decision of the Commission which an aggrieved party is entitled to have reviewed by a court must be

an operative order which has the effect of granting or denying some benefit under the Workmen's Compensation law. Most often, such a decision is reached by giving effect to multiple findings, but it is the ultimate decision or order, not each individual finding, which is the basis for judicial review. Obviously, in a review of the correctness of a decision or order, each finding that contributed to the final result is examined, and one incorrect finding may make the result incorrect. But the appeal is from the result, rather than from each of its separate elements.

In *Tobacco Company v. Goslin,* 163 Md. 74, 160 A. 804, the Court of Appeals said, at page 78:

> "But the appeal allowed by the statute, Code, art. 101, sec. 56, as amended by Acts 1927, ch. 587, is not from the findings or opinion of the commission but from its 'decision.' And by 'decision' is obviously meant the order by which it disposes of the case. If, upon an appeal from its decision, it should appear that it was right and proper, it should be affirmed, even though it also appeared that the findings of the commission were erroneous."

In *Furley v. Warren-Ehret Co.,* 195 Md. 339, 73 A. 2d 497, the Court said at page 345, "An appeal is allowed, not from a finding or opinion of the Commission, but from its 'decision', disposing of the case." Both of these cases are cited in *Pressman v. Accident Fund,* 246 Md. 406, 228 A. 2d 443, at page 415. Cf. *Saf-T-Cab Service v. Terry,* 167 Md. 46, 172 A. 608.

Each of the two orders of 2 July 1971 and 15 October 1971 resulted from a combination of findings by the Commission on two factors, the extent of permanent partial disability and average weekly wage. Each result was different. Each order was appealable, by any person feeling aggrieved. The employer and insurer may have had as much reason to feel aggrieved by the second order as they did to acquiesce in the first. The claimant

was equally entitled to feel aggrieved by either or both of the orders.

Claimant's dissatisfaction with the first order was expressed by a petition for reconsideration, which we take to be the equivalent of a motion for rehearing. By the express words of the statute the filing of the motion extended the time for appeal.

Appellee contends that an amendment to Subsection (e) was intended only to restrict, rather than enlarge, the time for appeal by a party who moves for a rehearing, and did not extend the time for an appeal by any other party. We cannot agree. The amendment was made by Acts of 1962, ch. 36, a comprehensive act whose general purpose was to conform numerous procedural statutes to the Maryland Rules. Prior to the amendment the first sentence which we have quoted above from Subsection (e) read:

> "The filing of such a motion by one party shall operate as a stay of the time within which *such party* may appeal from the decision until thirty days after the ruling by the Commission on the motion." (Emphasis supplied).

Thus, before the amendment, it was only the moving party whose time for appeal was extended by the pendency of the motion. It is perfectly clear that the 1962 amendment extended the time for appeal for all parties. Appellee further contends that such a construction of the amended sentence is inconsistent with the sentence which follows, which says:

> "Such motion by one party shall not operate to stay the right of the other parties to the cause to file an appeal under this section."

As Chief Judge Murphy said for this Court in *Subsequent Injury Fund v. Chapman*, 11 Md. App. 369, 274 A. 2d 870, at page 375:

> "Consistent with this established rule of statutory construction, we think all Sections of the Workmen's Compensation Law (Article 101)

must be read and considered together in arriving at the true intent of the Legislature, as they form part of a general system * * *."

To give effect to both sentences, we conclude that the intent of the Legislature in leaving the second sentence unchanged was not to nullify the extension of the time for appeal provided in the previous sentence, but to make it clear that a party who does not file a motion for rehearing may appeal the order without waiting for a ruling by the Commission on another party's motion.

Accordingly, the appeal of the employer and insurer brought before the circuit court for review the correctness of the Commission's finding of 40% permanent partial disability.

The circuit court considered and ruled on the question of the claimant's average weekly wage, affirming the Commission's finding of $60.00 a week. We have reviewed the evidence on the issue, both before the Commission and before the court. There was competent material evidence to support the finding. We leave the weight and value of that evidence to the trier of facts, as it is not our function to determine the comparative weight of conflicting evidence. *Anne Arundel County v. Cole,* 237 Md. 362, 206 A. 2d 553.

> *Order of Circuit Court for Prince George's County filed 4 February 1972, dismissing appeal in part, reversed, and case remanded for further proceedings.*
>
> *Order of Circuit Court for Prince George's County filed 17 July 1972, affirming the Workmen's Compensation Commission on issue of average weekly wage, affirmed.*
>
> *Each side to pay one half the costs in this Court.*