GREAT AMERICAN INSURANCE CO. ET AL. *v.*
JOHN L. HAVENNER

[No. 140, September Term, 1976.]

*Decided October 11, 1976.*

The cause was argued before GILBERT, C. J., and
THOMPSON and MOORE, JJ.

*Edward J. Petrick,* with whom were *Robert W. Fox* and
*Rollins, Smalkin, Weston, Richards & Mackie* on the brief,
for appellants.

*Alan M. Perlman* for appellee.

GILBERT, C. J., delivered the opinion of the Court.

The question asked by this appeal is whether an
employer-insurer can appeal a decision of the Workmen's
Compensation Commission awarding a temporary total dis-

ability to the claimant. Phrased another way, is an award of temporary total disability a "final" order within the meaning of Md. Rule B1 a? [1]

Before launching into our discussion of the problem, a brief recitation of the factual predicate out of which it arises is helpful.

During the course of his employment by Great American Insurance Company, one of the appellants,[2] the appellee, John L. Havenner, was injured. The mishap occurred on February 24, 1972 when Havenner "slipped on snow while on inspection tour," as a "safety specialist" for his employer. By its "Award of Compensation" dated September 8, 1972, the Commission ordered that Havenner be paid temporary total disability commencing March 13, 1972.[3]

As a result of an alleged failure of the employee's insurance carrier to pay promptly the awarded compensation, the matter was set for hearing before a commissioner on May 7, 1974. The Commission, on May 21, 1974, "affirmed," by stipulation between the parties, its prior order of September 8, 1972.

Another hearing was held by the Commission on August 21, 1975. At that time, the issues before Commissioner William R. Hughes were (1) "Causal relationship," and (2) "Nature and extent of disability." Commissioner Hughes found "that the condition of . . . [Havenner's] upper back is related to his accidental injury of February 24, 1972," and that Havenner then was "still temporarily totally disabled." [4] The September 8, 1972 order was again affirmed.

Perturbed by the Commissioner's order of August, 1975, the employer-insurer noted an appeal to the Circuit Court

---

1. Md. Rule B1 permits appeals from administrative agencies to the courts of "any final action" of the agency.

2. The other appellant is Argonaut Insurance Company, the compensation insurance carrier.

3. The Commission, of course, determined that Havenner has sustained "an accidental injury arising out of and in the course of employment."

4. The record before the trial court and this Court did not contain a transcript of any of the proceedings before the Commission.

for Prince George's County asseverating that the Commission had ". . . not justly considered all of the facts . . . and . . . [had] misconstrued the law and facts applicable to this case; . . . ." The appeal to the circuit court was met with a "Motion Raising Preliminary Objection," Md. Rule 323 (a) (1), challenging jurisdiction over the subject matter. The jurisdictional contest was grounded on the averment that the Commissioner's order, sought to be appealed, was interlocutory "and not a final order." The circuit court, largely on the basis of *Big Vein Coal Co. v. Leasure*, 192 Md. 435, 64 A. 2d 563 (1949), and *Flying "A" Service Station v. Jordan*, 17 Md. App. 477, 302 A. 2d 650 (1973), agreed with Havenner's position.

Unquestionably, Md. Ann. Code art. 101, § 56 a confers the right upon a ". . . person feeling aggrieved by any decision of the Commission to appeal to the circuit court of the county [5] . . . having jurisdiction over the place where the accident occurred or over the person appealing from such decision. . . ." The Court of Appeals, however, has, by rule, made it perspicuous that only "final action" of the Commission is appealable. Md. Rule B1 a.

The obvious question then is what is meant by "final action" or "final order," as that term is applied to appeals to the circuit court from decisions of the Workmen's Compensation Commission.

In *Liggett & Myers Tobacco Company v. Goslin*, 163 Md. 74, 160 A. 804 (1932), the Court, referring to Md. Ann. Code art. 101, § 56 a said:

> ". . . [T]he appeal allowed by the statute . . . is not from the findings or opinion of the commission but from its 'decision.' And by 'decision' is obviously meant the order by which it disposes of the case." 163 Md. at 78, 160 A. at 806.

---

5. In Baltimore City, the appeal is taken to a common law court.

This Court, in *Flying "A" Service Station v. Jordan, supra,* stated:

"*A decision of the Commission which an aggrieved party is entitled to have reviewed by a Court must be an operative order which has the effect of granting or denying some benefit under the Workmen's Compensation law.* Most often, such a decision is reached by giving effect to multiple findings, but it is the ultimate decision or order, not each individual finding, which is the basis for judicial review. Obviously, in a review of the correctness of a decision or order, each finding that contributed to the final result is examined, and one incorrect finding may make the result incorrect. But the appeal is from the result, rather than from each of its separate elements." (Emphasis supplied). 17 Md. App. at 480-81, 302 A. 2d at 653.

*Big Vein Coal Co., supra,* was concerned with the appeal from an order of the Commission granting leave to file an amended claim. The Court of Appeals held that such an order was interlocutory and went on to restate the law that:

"The judgment must be final before this Court has any jurisdiction to hear the appeal. Statutory provisions for appeal from, or review of, orders of administrative tribunals have generally been construed as applicable, not to interlocutory orders, but only to final orders." 192 Md. at 437, 64 A. 2d at 564.

There can be no serious question but that the Commission in the *Big Vein* case did not pass an operative order which had the effect of granting or denying some benefit under the Workmen's Compensation Act to either Big Vein or the claimant, Leasure. The granting of the privilege to file an amended claim did not adjudicate any issue of law or fact. At most, it merely set the stage for an orderly presentation of the evidence to the Commission of the entire claim and not a fragmented part thereof. Moreover, it may well be that Leasure was unsuccessful in his pursuit of the claim, notwithstanding that he was allowed to amend.

Maryland does not appear to have passed heretofore directly upon the question of the appealability *vel non* of an award of temporary disability, but at least one case involving a temporary compensation award has been decided by the Court of Appeals, although the precise issue now before us does not appear to have been raised or decided. *See Pressman v. State Accident Fund*, 246 Md. 406, 228 A. 2d 443 (1967), where Chief Judge Hammond in his factual explication states, "[o]n August 23, the Commission ruled that the Fund was the insurance carrier . . . at the time of the accidental injury . . . and ordered payment by the Fund of temporary total disability. . . . The Fund appealed this order . . . ." 246 Md. at 409-10, 228 A. 2d at 445.

Other jurisdictions are divided in their views of the phrase, "final order." The Tennessee Supreme Court, in *Aetna Casualty and Surety Company v. Miller*, 491 S.W.2d 85 (Tenn. 1973), held that only those orders of a compensation commission which put an end to the entire claim are final and appealable. The Court of Appeals of New Mexico has said that to be "final" an order of compensation must completely dispose of the case insofar as the court has power to dispose of it.[6] *Johnson v. C. & H. Construction Company*, 78 N. M. 423, 432 P. 2d 267 (1967). *Johnson* dealt with a "fixed period of time" during which temporary total disability was to be paid. The judgment, however, directed that if the claimant accepted surgery, he was to receive an additional unspecified period of temporary total compensation. The court noted that the judgment did not dispose of the issue of disability because the claimant had not made an election to undergo surgery, thus, the matter of temporary disability was unsettled. While Havenner relies upon *Johnson* to support his position that the order in the case *sub judice* is not appealable, we observe little, if anything, therein which bolsters Havenner's stand. Moreover, *Johnson* has been criticized for failing to follow the court's own definition of "final judgment." *See* 8 Natural Resources J. 522 (1968).

---

6. Compensation cases apparently are decided in New Mexico at the District Court level. *See* New Mexico Statutes, Chapter 59-10-3, 59-10-25, (1953, 2d Replacement ed. 1974).

*State ex rel. Prescott Laundry Co. v. Missouri Workmen's Compensation Commission,* 320 Mo. 1156, 10 S.W.2d 916 (1928), is also relied upon by Havenner. There the Missouri Commission found "temporary disability" and ordered the laundry to pay the costs of a hernia operation. No specific amounts were ordered paid nor was a dollar figure mentioned in the order. On appeal the court noted that no showing of the cost of the operation had been made, nor was the extent of the disability resulting therefrom ascertained, nor ". . . did the award undertake to fix the amount of such temporary or partial compensation." 320 Mo. at 1162, 10 S.W.2d at 918. We believe the *Prescott Laundry* case to be so factually dissimilar as to be of no comfort to Havenner.

New Jersey, on the other hand, has held that an appeal from a temporary total disability award passed by a commission similar to Maryland's is a final, appealable order. *Judah v. General Super Markets, Inc.,* 99 N.J. Super. 389, 240 A. 2d 44, 46 (Law Div. 1968).[7]

The rationale of that decision, to which we subscribe, is:

The statute providing awards for medical service and temporary (total or partial) disability compensation creates independent rights separate and apart from awards for permanent total or partial disability payments. Although the remedy of permanent disability is yet to be determined, temporary total or temporary partial disability awards are independent rights arising from the common remedy of workmen's compensation which continue until the claimant reaches maximum improvement. *Judah v. General Super Markets, Inc., supra; Chickachop v. Manpower, Inc.,* 84 N.J. Super. 129, 201 A. 2d 90 (Law Div. 1964).

Under Maryland law, payments of compensation made pursuant to an award of the commission, even though

---

7. Such orders are also appealable in Arizona. *See, e.g.,* Verdugo v. Industrial Commission, 15 Ariz. App. 155, 487 P. 2d 1 (1971) (appeal from temporary total disability award); Carranza v. Industrial Commission, 22 Ariz. App. 547, 529 P. 2d 259 (1974) (appeal from temporary partial disability award).

reversed on appeal, may not be recovered from the claimant, *St. Paul Fire and Marine Ins. Co. v. Treadwell,* 263 Md. 430, 283 A. 2d 601 (1971). To hold that an award of temporary disability (total or partial) may not be appealed would subject an employer-insurer to the hazard of paying an award which might amount to a large sum of money and render the employer-insurer unable to recover the expenditure if the courts determine the award was erroneous. The claimant is fully protected during the pendency of the appeal procedure by the requirement of our law that an appeal in a compensation case shall not operate as a stay. Hence, the claimant will continue to receive payments of temporary disability compensation during the litigation. Of course, if the claimant prevails, the payments continue. If, however, the claimant does not prevail, the employer-insurer may cease payment as of that time but may not recover prior payments from the claimant. *St. Paul Fire and Marine Ins. Co., supra.*

We think the term "final order" or "final action," within the ambit of the Workmen's Compensation Law, means an order or award made by the Commission in the matter then before it, determining the issues of law and of fact necessary for a resolution of the problem presented in that particular proceeding *and* which grants or denies some benefit under the Act. *Flying "A" Service Station v. Jordan, supra;* Walterscheid, *"Final Judgment Rule" in Workmen's Compensation Cases,* 8 Natural Resources Journal 522, 528 (1968). Thus, the award of temporary total disability is a "final order" and appealable.

We make clear that we are not passing upon the merits of Havenner's claim. What we here decide is the narrow issue that the employer-insurer has the right to a trial on the merits as to whether Havenner is temporarily totally disabled.

*Judgment reversed.*
*Case remanded for further proceedings.*
*Costs to be paid by appellant.*