MASON, Circuit Judge.
This is a workmen’s compensation case. The petitioner as employee has petitioned for writ of certiorari to review an order of the respondent Florida Industrial Commission which approved an order of a deputy commissioner.
The petitioner, hereinafter referred to as claimant, suffered a compensable injury to her back, arm and coccyx in 1957. The Florida Industrial Commission awarded her temporary total disability and permanent partial disability benefits in 1958, it being determined- in its order that she had reached a maximum medical recovery as of January 15, 1958. But late in 1959 and early 1960 she suffered exacerbation of her back pains, for which she received chiropractic treatment, without prior authorization of respondent Insurance Company, hereinafter referred to as the employer. This treatment began in February, 1960. On March 1st she requested the employer to provide her with further chiropractic treatment, which request was denied on the same day. March 3rd she filed claim with respondent Florida Industrial Commission, hereafter referred to as the Commission, in which she asked for a modification of the previous compensation order, claiming further and immediate remedial treatment, and for a re-evaluation of her disability rating predicated on an alleged change of condition, but all claimed to be related back to her original injury. She petitioned for the allowance of attorneys fees. Five days after the claim was filed the employer agreed to provide medical care, instructing claimant to report to an orthopedic specialist selected by it. In the letter of authorization of treatment the employer specifically refused to furnish chiropractic treatment as requested by claimant. It was not until May 20, 1960, that claimant called at the office of the orthopedist for examination. In the meantime she continued to receive chiropractic treatments, which continued almost daily right up to the time of the hearing on her claim, which was held August 9, 1960. In her request for hearing claimant petitioned for continued chiropractic treatment.
At the hearing the claimant produced the two chiropractors who had examined and treated her. They testified that she was suffering from back and coccyx trouble related to her original injury, and that she needed not only the treatment previously rendered by them, but continued treatment. The orthopedist chosen by the employer testified that he had examined the claimant when she came to him and that he found nothing wrong with her related to the injury of 1957, for which she needed treat *400 ment. He further testified that in his opinion tthe chiropractic treatment had been and would continue to be futile. He stated that the only treatment claimant would profit by would be that of a psychiatrist.
Following the hearing the deputy commissioner denied claimant’s claim for further remedial treatment but directed the employer to pay for the chiropractic treatment that she had received between the time that she requested medical care and March 8, 1960, which was the date she was directed by her employer to report to the orthopedist. The deputy commissioner held that the employer was not liable for payment of chiropractic services rendered to claimant subsequent to March 8, 1960.
The deputy commissioner refused the allowance of expert witness fees to the two chiropractors, stating as his reason that their testimony although having been considered by him, was not used as a basis for his decision, and that, therefore, the employer was not responsible for the payment of their expert witness fees for testifying in the cause. He also denied the claim for attorney fees on the stated ground that no additional compensation benefits had been awarded by him to the claimant, and attorneys fees were, therefore, not allowable.
On application for review of the deputy commissioner’s order, the Commission held that the findings of fact of the deputy commissioner were supported by competent substantial evidence which accords with reason and logic, and his order was therefore affirmed.
The question before this Court is whether the deputy commissioner’s order as affirmed by the full Commission should be quashed. After a careful review of the record we conclude that there was competent and substantial evidence which accords with reason and logic to support that part of the orders which directed the employer to pay for the chiropractic care of the claimant between the time she requested medical care and until she was directed on March 8, 1960, to report to the orthopedist, and also that part holding that the employer was not liable for payment of subsequent chiropractic treatments.
We cannot agree, however, that the record supports the deputy commissioner’s conclusion that the employer was not responsible for the payment of expert witness fees for the two chiropractors testifying at the hearing, nor his denial of the claim for attorneys fees. As to the expert witness fees, the sole predicate given by the deputy commissioner for their disallowance was that the testimony of the two chiropractors had not been used by him as a basis for his decision, although it had been considered by him. This is not a valid basis for disallowance of such fees. No objection was made to the admission of the testimony of these witnesses at the hearing, the deputy received it as evidence and in fact gave credence to it by holding that the employer was obligated to pay for chiropractic treatment rendered to the claimant by one of the witnesses prior to the date the employer directed her to report for examination to the physician of its own choosing. It is thus evident that the deputy concluded that the testimony of the chiropractors had evidentiary value, at least to the extent that it supported his allowance of the bill for chiropractic services rendered to the claimant prior to the selection by the employer of the doctor designated by it as the one for her to consult.
Regardless of the opinion held by some as to the value of the treatment rendered by a chiropractor, the practice of chiropractic is recognized as a legitimate profession in this State by the Legislature’s, having provided by law for the examination and licensing of those seeking to practice it. Chapter 460 F.S.
Therefore, when duly licensed' chiropractors testify in Workmen’s Com *401 pensation cases, when their testimony is received as admissible by the deputy commissioner, a claimant should not be denied reasonable allowances for payment of expert witness fees solely on the ground that the deputy did not use their testimony as a basis for his decision disallowing future medical treatment. To conclude otherwise would justify the disallowance of an expert witness fee to any witness in any kind of a judicial or quasi-judicial hearing where it becomes evident from the result thereof that the testimony of such witness was -rejected by the trier of the facts in favor of that of another witness or witnesses testifying differently. Suppose, for instance, that in an eminent domain proceeding for the condemnation of land for state road right-of-way purpose it is evident from the jury’s verdict that it had based its award upon the testimony of the experts testifying for the State Road Department, and rejected that of those for the land owner, could it be reasonably contended that the land owner’s experts should not have their expert witness fees assessed as costs against the condemnor? We think not. Neither is it reasonable to deny such fees in a Workmen’s Compensation case under the circumstances reflected by this record. Any other holding would amount to judicial nullification of the declared policy of the Legislature as expressed in those sections of the Workmen’s Compensation Law which provide for the taxing against the employer of witness fees as costs. F.S. Sections 440.31, 440.34(2) F.S. A.
The deputy commissioner erred in refusing to allow a reasonable attorney’s fee for the services of claimant’s attorney in prosecuting her claim before him. The reason given by the deputy for his denial was that no additional compensation benefits were awarded by him to the claimant. This ground for denial is negated by the deputy’s order itself. The deputy did award additional compensation to the extent that he directed the employer to pay the bill for chiropractic treatment rendered to the claimant by one of the chiropractors prior to March 8, 1960, the date on which the employer directed the claimant to report to the medical doctor selected by it. The employer resisted the payment for chiropractic services to claimant and it became necessary in order to secure such payment for claimant to file a claim with the Commission. To do this she employed counsel to prosecute her claim before the Commission. Such counsel was at least partially successful, and should be awarded a reasonable attorney’s fee for his services. This is contemplated by F.S. Section 440.-34 F.S.A.
Those portions of the orders denying allowances for expert witness fees and attorneys fees are quashed with directions to respondent, Florida Industrial Commission, to proceed in accordance with the views expressed herein. In all other respects, the petition for the writ of certiorari is denied.
ROBERTS, C. J., and THOMAS, DREW and O’CONNELL, JJ., concur.