PER CURIAM.
The claimant, who suffered compensable hack injury on July 17, 1957, filed a claim for permanent total disability. The deputy commissioner awarded compensation for 75 per cent permanent partial disability. This award was affirmed by the full commission, which found that claimant had failed to carry his burden of proof required for award of the claim sought. The deputy declined to make an award for attorney’s fee. The full commission set this aside and remanded for determination of a reasonable attorney’s fee. Petitioner, protesting af-firmance of the disability award allowed, urges also that the commission erred in its failure to direct the deputy to order allowance for cost of a certain medical deposi *169 tion claimed but not passed upon. Cross-petitioner’s attack is upon the commission’s vacating and remanding for determination of attorney’s fee.
The original claim for compensation filed February 19, 1964, as amended on February 24, 1964, was for permanent total disability. The hearing was held on October 13, 1964. The parties stipulated that petitioner had sustained compensable injury on July 17, 1957; that at the time he had an average weekly wage for compensation purposes of $104.46; that the claimant had been paid all compensation due to the date of the hearing and had been furnished all medical treatment pursuant to the requirements of the Workmen’s Compensation Act.
From the deposition of one Dr. Jewett taken on October 20, 1964, that witness was of the opinion that petitioner had a 75 per cent permanent partial disability of the body as a whole which could be reduced by certain recommended surgery to between 25 and 35 per cent; that petitioner was able to do light work which would not involve too much climbing of stairs or ladders, could do clerical work, and was subject to be trained to do semi-skilled work. He was of the further opinion that, unless he successfully underwent additional surgery, petitioner had reached maximum recovery on May 12, 1964; he acknowledged it was only on October 12, 1964, which was the day before the scheduled hearing, that he was able to make that determination, retroactive to petitioner’s condition on May 12 of that year. He directed his report by letter of October 12, 1964, but sent no copy to the employer or the Workmen’s Compensation Division. To the time of the deposition, petitioner had never given Dr. Jewett a definite answer as to whether he would submit to additional surgery.
Competent substantial evidence sustains the order of the commission in that portion of it which upheld the deputy’s award of disability. However, the commission should have directed entry of an allowance by the deputy of petitioner’s claim for cost of Dr. Jewett’s deposition. This was the only medical testimony given; the deputy admitted the deposition and used it in connection with the disability percentage award which he found; but he made no mention of it as an item of cost in his order. Upon application for review before the full commission, the question was directly raised but not dealt with in the commission’s order of remand. The failure in this regard was error. Stich v. Independent Life & Accident Insurance Company, Fla.1962, 139 So.2d 398.
As to the matter asserted under the cross-petition, the deputy commissioner found that the self-insured employer, 'when the claim was filed, had over a long period of time furnished all medical treatment needed and had paid all compensation pursuant to medical reports received and was processing the accident in accordance with law and the rules of the Florida Industrial Commission and that, in order to secure proper medical attention and compensation, it was unnecessary for the claimant to file a claim and secure the services of an attorney.
By the stipulation and testimony, everything was done as required by the Workmen’s Compensation Act; there had been no refusal on the part of the respondents to comply. Although the compensable injury was sustained on July 17, 1957, there was only the one hearing, which was held several years thereafter, or on October 13, 1964, for the purpose of securing award for permanent total disability under the claim filed at a time when date of maximum recovery had not been determined. Since respondents had voluntarily done all they could do, the commission should have affirmed the deputy’s order denying allowance of attorney’s fee.
The Florida Industrial Commission is directed to remand the cause to the deputy for the allowing of cost of the medical deposition. That portion of the order remanding the cause to the deputy for allowance of attorney’s fee, to which the cross-petition *170 is directed, is quashed. In all other respects the petition for writ of certiorari is denied.
THORNAL, C. J., O’CONNELL, CALDWELL and ERVIN, JJ., and KANNER, District Court Judge (Ret.), concur.