BOOTH, Judge.
The sole item of dispute in this workers’ compensation appeal is a physician’s examination fee of $131 which was incurred in connection with a medical report placed into evidence by the claimant. The claimant sought reimbursement for the examination fee on the ground that the fee was part of the taxable costs awarded to claimant as a result of successful prosecution of her claim. The deputy commissioner, however, held that the examination fee was not in-cludable in his prior award of costs because the employer/carrier did not agree to pay for the examination when the medical report was put into evidence in lieu of the physician’s live testimony.
The employer/carrier urges that an additional basis for upholding the deputy’s order is the pre-trial stipulation wherein claimant indicated she would not seek reimbursement for Dr. Turke’s fee. The pre-trial stipulation referred to is written on a printed form with the headings (listed in order): Medical treatment authorized,” “Medical treatment claimed but not accepted,” and “Medical not authorized but not claimed.” The employer/carrier argues that, because Dr. Turke’s name was written under the latter heading, which does not limit its terms to medical “treatment,” the claimant agreed not to seek recovery of any expenses associated with Dr. Turke.
Reimbursement for medical treatment is covered by Florida Statutes, Section 440.13, which, with certain exceptions, requires that a physician’s treatment be authorized by the employer/carrier. Expert witness fees and costs of prosecution of a claim, on the other hand, are recoverable under Florida Statutes, Section 440.31 or Section 440.-32, neither of which require prior “authorization” by an employer or carrier. Therefore, any stipulation that fees or costs were not “authorized” would be a meaningless gesture. Construing the stipulation form as a whole, it is apparent that the claimant stipulated that she would not seek to recover the cost of any treatment provided by Dr. Turke. This does not evidence an intent to forfeit recovery of an examination fee related to preparation of expert testimony. The only provision of the stipulation form which even arguably relates to the anticipated costs of prosecuting the claim is the section in which the parties list their witnesses; Dr. Turke is listed in this section as the claimant’s witness, to be called “by report.”
Dr. Turke’s report was admitted into evidence in lieu of his íive testimony, and the reasonable costs of preparing that report should have been awarded along with the other costs of prosecuting the claim. See Stich v. Independent Life & Accident Insurance Company, 139 So.2d 398 (Fla.1962); Belcher v. R. C. Motor Lines, IRC Order 2-1933 (October 16, 1969), cert. denied 234 So.2d 135 (Fla.1969).
The deputy’s order is REVERSED and REMANDED with directions to award claimant the reasonable costs incurred in preparation of Dr. Turke’s medical report.
ERVIN, J., concurs.
JOANOS, J., dissents without written opinion.