*851 APPEL, Justice
(dissenting).
In my view, this case presents a relatively straightforward question of statutory interpretation.
The proper analysis begins with the general rule related to recovery of costs in a workers’ compensation proceeding. This general rule is contained in Iowa Code section 86.40 (2009). This broadly framed cost-recovery provision states, “All costs incurred in the hearing before the commissioner shall be taxed in the discretion of the commissioner.” Id.
There are several material features of this statute. First, “All costs incurred in the hearing” are potentially recoverable. Id. (emphasis added). Not some costs, but all costs.
Second, in order to be recoverable, the cost must be “incurred in the hearing.” Id. (emphasis added). A report that is prepared for a party, but for whatever reason is not used at the hearing, is not compensable under the plain language of the statute.
Third, the recovery of costs under Iowa Code section 86.40 is subject to the exercise of discretion by the commissioner. There is no statutory mandate that certain costs be recovered. Instead, there is a statutory directive that the commissioner award costs in the sound exercise of his or her discretion. Id.
Pursuant to this broad discretionary authority vested, in the commissioner, the commissioner has promulgated a rule “to implement Iowa Code section 86.40.” Iowa Admin. Code r. 876 — 4.33. This rule generally provides for the recovery of “the reasonable costs of obtaining no more than two doctors’ or practitioners’ reports.” Id. r. 876 — 4.33.
And, a rule that allows for the recovery of the cost of obtaining a report must be interpreted to include recovery of more than the cost of the physical components of the report or the cost of printing verbiage in it. It would be an odd rule that allowed recovery of the cost of physical production of a report only and not the cost of the mental processes required to prepare the report. If the mental processes required to prepare a report include an examination, then it necessarily follows that recovery of the cost of the examination is permitted in the discretion of the commissioner.
The majority somehow gets confused when it considers the relationship between Iowa Code section 86.40 and Iowa Code section 85.39. Iowa Code section 86.40, along with its implementing rule, Iowa Administrative Code rule 876 — 4.33, generally provides the framework for awarding all costs incurred in the hearing. Iowa Code section 85.39, however, does not deal with all costs incurred at the hearing in any way. Instead, Iowa Code section 85.39 is an exceptional provision that allows a claimant to recover the expense of a certain, narrow type of examination prior to and unrelated to any hearing. Further, recovery of costs under Iowa Code section 85.39 is not subject to the discretion of the commissioner. In short, Iowa Code section 85.39 provides for early mandatory payment of a narrow category of costs not incurred in a hearing provided the requirements of the section are met.
As noted by Justice Hecht, the obvious purpose of Iowa Code section 85.39 is to allow a claimant to obtain payment of the costs of a critical type of expert examination — one related to industrial disability— early in the workers’ compensation process. It is an extraordinary provision with respect to the timing of cost recovery. It accelerates payment of costs for which the employee would ordinarily have to wait until the conclusion of the hearing. And, it eliminates any exercise of discretion by the *852 commissioner. A failure to meet the requirements of Iowa Code section 85.89 means that the party is not entitled to an early, mandatory payment of certain costs. Nothing more, nothing less.
The language of the statutes demonstrate that Iowa Code section 86.40, dealing with all costs incurred in a hearing in a workers’ compensation case, and Iowa Code section 85.39, dealing with accelerated, upfront payment of an examination related to industrial disability under certain conditions, are not in the least bit inconsistent or in tension with one another. Nothing in Iowa Code section 85.39 impairs the discretionary authority of the commissioner to award all costs incurred in the hearing, pursuant to Iowa Code section 86.40. Conversely, Iowa Code section 86.40 does not undermine the mandatory duty of an employer to pay certain qualifying costs under Iowa Code section 85.39. The language of the two statutes creates a logical and coherent policy on cost reimbursement in a workers’ compem sation case.
There is also nothing in the overall structure .of the statute that suggests, let alone requires, a different result. In that regard, it is important to note that Iowa Code section 86.40 solely addresses recovery of costs incurred in a hearing before the commissioner. The provision has nothing at all to do with medical treatment that the employer must pay as a benefit under our workers’ compensation statute. It has nothing to do with the power of an employer to direct the course of treatment. It has nothing to do with unauthorized medical expenses to treat a worker. It has nothing to do with the entitlement to an independent medical examination. It only addresses potential recovery of all costs incurred at a hearing. See, e.g., Albertini v. McDonald’s, 400 So.2d 160, 161 (Fla.Dist.Ct.App.1981) (distinguishing between statutory provisions authorizing reimbursement for medical treatment and a statute providing for recovery of costs of litigation).
On the issue of awarding all costs incurred in the hearing, Iowa Code section 86.40 is unqualified, not contradicted by any other statute, and must be given full effect. Our duty is to read statutes harmoniously when possible as it obviously is here,- not to go out of our way to manufacture a nonexistent conflict to promote judicially discovered policy goals. See Kolzow v. State, 813 N.W.2d 731, 736 (Iowa 2012) (“If more than one statute relating to the subject matter at issue is relevant to the inquiry, we consider all the statutes together in an effort to harmonize them.” (Internal quotation marks omitted.)). Indeed, our cases indicate we should conscientiously try to read statutes in harmony and limit the scope of a general statute only if there is an “irreconcilable conflict” with a more specific statute. See, e.g., State v. Lutgen, 606 N.W.2d 312, 314 (Iowa 2000) (quoting 82 C.J.S. Statutes § 355, at 474 (1999)). We do not find irreconcilable conflict by implication. See, e.g., State v. Peters, 525 N.W.2d 854, 856-57 (Iowa 1994) (noting statutes must actually conflict).
The majority does not follow this basic approach to statutory interpretation. Instead, it relies on a judicially discovered “legislative intent.” The legislative intent discovered by the majority is not found in the text of the statutes or in the structure of the workers’ compensation chapter, does not arise from a functional analysis of workers’ compensation proceedings, and is not powered by some overriding policy consideration that provides a convincing rationale for a narrow interpretation of Iowa Code section 86.40. In sum, Iowa Code section 85.39 does not cast a grim *853 and menacing policy shadow over Iowa Code section 86.40.
For the foregoing reasons, and the reasons more thoroughly canvassed by Justice Hecht, I would vacate the decision of the court of appeals and affirm the district court judgment affirming the commissioner’s taxation of the costs of the report by Dr. Stoken to the Des Moines Area Regional Transit Authority.
HECHT and ZAGER, JJ., join this dissent.