## HILDRETH HARRIS *v.* JANCO ENTERPRISES ET AL.

[No. 824, September Term, 1982.]

*Decided February 7, 1983.*

The cause was argued before LOWE, GARRITY and ADKINS, JJ.

*Lauren A. Sfekas,* with whom were *Clifford B. Sobin* and *Ashcraft & Gerel* on the brief, for appellant.

*Michael S. Levin,* with whom were *O'Malley, Miles, Farrington & McCarthy* on the brief, for appellees.

ADKINS, J., delivered the opinion of the Court.

In this case we are asked to hold that the Circuit Court for Prince George's County (Mason, J.) erred when it declined to order appellees (the employer and the insurer in a workmen's compensation case) to reimburse appellant (the claimant in that case) for the testimony fee of an evaluating physician who testified for appellant on appeal from the Workmen's Compensation Commission. We think Judge Mason did not err, and affirm.

The facts are undisputed. The Workmen's Compensation Commission found that appellant Harris had sustained an accidental injury arising out of and in the course of his employment by appellee Janco Enterprises, Inc. It found a 60 percent permanent total disability by reason of this injury. Harris appealed to the Circuit Court for Prince George's County. The jury found the disability arising from the accidental injury to be 100 percent.

Prior to the trial of that appeal, the parties stipulated as to admissibility of most of the applicable medical reports. Appellees, however, declined to so stipulate as to the report of Dr. Eli M. Lippman, a physician who had examined Harris more than five years after the accident, for the sole purpose of evaluating his disability and testifying at the trial.[1] They insisted on their right to cross-examine Dr. Lippman.

Dr. Lippman testified at the trial (to good effect, it would seem) and then billed Harris $750. Harris asked the Com-

---

1. Motions for summary judgment filed by both parties below make it clear that Dr. Lippman was an evaluating and not a treating physician.

mission to order appellees to pay the testimony fee. The Commission refused to do so. Harris again appealed to the Circuit Court for Prince George's County. Both sides moved for summary judgment. Judge Mason granted appellees' motion and entered judgment for them.

Harris points out, as he did below, that Article 101, § 37 (a) requires an employer to provide medical treatment and services for an injured employee, as required by the Commission. Section 37 (c) provides that "fees and other charges for such treatment and services shall be subject to regulation by the Commission. . . ." In its *Guide of Medical and Surgical Fees,* the Commission has established a fee to be charged for medical testimony. These provisions, he argues, govern medical testimony both before the Commission and at trial on appeal, since Article 101, § 56 (a) provides that if "a claimant needs medical attention pending any appeal, . . . the Commission shall retain jurisdiction to entertain a request for additional medical treatment and attention, and may issue a supplemental order requiring the employer to furnish additional medical treatment and attention. . . ."

Harris recognizes that § 56 (a) also provides that on appeal "the practice prevailing in civil cases as to the payment of costs and the fees of medical and other witnesses shall apply." He concedes that in the absence of pertinent statute or rule, this practice normally requires each side to pay its own medical experts. But, he says, the just-quoted provision is in conflict with the § 37 (a) language. He argues that in case of uncertainty or conflict, the Workmen's Compensation Law should be construed in favor of the employee, in order to effectuate its benevolent purposes, *Lisowsky v. White,* 177 Md. 377, 9 A.2d 599 (1939); *Coats and Clark's Sales Corp. v. Stewart,* 39 Md. App. 10, 383 A.2d 67 (1978); *Keene v. Insley,* 26 Md. App. 1, 337 A.2d 168 (1975).

We have no quarrel with the general principles of law asserted by Harris. But "neither statutory language nor legislative intent can be stretched beyond the fair implication of the statute's words or its purpose." *Soper v. Montgomery County,* 294 Md. 331, 335, 449 A.2d 1158, 1160 (1982). Here,

we see neither ambiguity in nor conflict between the statutory provisions in question. Properly read, their language is fatal to Harris' position.

Section 37 (a) defines what is meant by medical treatment and services. It directs the employer to provide "for such period as the nature of the injury may require, such medical, surgical or other attendance or treatment, nurse and hospital services, medicines, crutches, apparatus, artificial hands, arms, feet and legs and other prosthetic appliances as may be required by the Commission. . . ." It is perfectly clear that this language deals with medical services necessary or desirable to treat the effects of the injury, and not with services rendered by a physician solely for the purpose of evaluating the extent of disability in order to present testimony on that issue.

Section 37 (c) authorizes the Commission to regulate "fees and other charges for such treatment" as does the similar language of § 37 (e). These provisions obviously refer back to subsection (a). To the extent the Commission regulations set fees for a testifying physician, they must be limited to the testimony of a treating physician; they do not apply to the testimony of a physician who evaluates only.[2]

It seems equally clear that the references in § 56 (a) to "additional medical treatment and attention" pending appeal speak to the same subject as the medical treatment provisions of § 37 (a). That is, they apply to the provision of medical services for treating the injury, not to examinations solely for the purpose of evaluation. The two sections are clearly in *pari materia, see Subsequent Injury Fund v. Chapman,* 11 Md. App. 369, 274 A.2d 870, *aff'd,* 262 Md. 367, 277 A.2d 444 (1971), and similar language used in each should be given the same meaning, *Railroad Co. v. Lichtenberg,* 176 Md. 383, 391, 4 A.2d 734, 738, *app. dism'd,* 308 U.S. 525 (1939).

---

2. Since the issue is not before us, we do not decide whether the Commission has authority to regulate fees for the testimony of a treating physician, as opposed to fees for the treatment alone. Nor do we decide whether the Commission's fee schedule is applicable to testimony given on appeal to the circuit court.

Therefore, it is apparent that when § 56 (a) applies to appeals "the practice prevailing in civil cases as to the payment of . . . the fees of medical witnesses . . ." there is no conflict with § 37 (a) or with the preceding language of § 56 (a), when the testifying fee of an evaluating physician is at issue. Since the medical treatment and services provision of § 37 (a) does not extend to one who is solely an evaluating physician, it is perfectly appropriate for § 56 (a) to provide, in effect, that each party shall bear the cost of such a fee.

The position we take finds support in text authorities and in decisions elsewhere. As Professor Larson observes, "[l]ike attorney's fees, other fees and expenses must be borne by the parties themselves, in the absence of a statute shifting the incidence of such expense." 3 A. Larson, *Workmen's Compensation Law,* § 83.20 (1976).

> Since all [Workmen's Compensation] acts require the employer to pay for medical treatment, the question sometimes arises whether a medical examination was for purposes of treatment or purposes of testimony. If it is clear that the real object was to ascertain the extent of claimant's disability and to obtain medical testimony in support of his claim, the expense cannot be charged to the employer under the typical statute providing benefits for "treatment and care of injured employees." *Id.* at p. 15-628. (Footnote and citation omitted.)

Jurisdictions reaching the result urged by Harris have done so on the basis of statutes or regulations permitting the employer to be charged with fees of evaluating physicians under appropriate circumstances. *See, e.g. Subsequent Injury Fund v. Industrial Accident Commission,* 59 Cal.2d 842, 31 Cal. Rptr. 477, 382 P.2d 597 (1963); *Albertini v. McDonald's,* 400 So.2d 160 (Fla. App. 1981).

But in states having statutory provisions more akin to Maryland's, the rule is as we have stated it. As Louisiana's intermediate appellate court has put it: "Since the examinations were obtained in preparation for trial, the cost of these

examinations is not properly assessable as a medical expense in a workmen's compensation case." *Caldwell v. Exxon Corp.,* 320 So.2d 319, 322 (La. App. 4th Cir. 1975); *see also Fisher v. Rhoades Constr. Co.,* 190 Kan. 448, 375 P.2d 771 (1962); and *Claim of Brannon,* 455 P.2d 241 (Wyo. 1969).

While Harris argues that to construe the statutes as we and others have done will have a "chilling effect" on employees, and is inequitable in light of the policy of the Workmen's Compensation Law, we cannot rewrite the law in the face of the clear legislative language; *see Soper, supra.* Nor are we about to hold, as Harris suggests we should, that an employer/insurer who wants to cross-examine the claimant's evaluating physician before the trier of fact must choose between paying that physician's fee on the one hand and taking his deposition or stipulating as to his report on the other. Maryland's Workmen's Compensation Law contains no such requirement.

There was no dispute of a genuine and material fact in this case, and Judge Mason properly construed the law. He did not err in granting appellee's motion for summary judgment.

> *Judgment affirmed.*
> *Appellant to pay the costs.*