519 A.2d 790

**Lawton Edward EWING**

v.

**KOPPERS COMPANY, INC.**

No. 520, Sept. Term, 1986.

Court of Special Appeals of Maryland.

Jan. 13, 1987.

William Franklin Gosnell, Baltimore, for appellant.

William R. Levasseur (Elizabeth M. Hole and Semmes, Bowen & Semmes, on the brief), Baltimore, for appellee.

Argued before MOYLAN, ROSALYN B. BELL and POLLITT, JJ.

POLLITT, Judge.

This case concerns the extent to which the Workmen's Compensation Commission retains continuing jurisdiction in a case which has been appealed to the circuit court.

Appellant, Lawton Edward Ewing, while in the employ of appellee, Koppers Company, Incorporated, on December 19, 1979, sustained an injury to his back, for which a claim for compensation was filed with the Commission and an award made. After Ewing suffered two falls in 1984, necessitating surgery on his left knee, the claim was reopened.

Hearings were held before Commissioner Edward A. Palamara on August 24 and October 16, 1984, on six issues: (1) additional temporary total disability, (2) medical bills, (3) further medical treatment including surgery, (4) causal connection as to medical treatment and surgery for left leg and knee, (5) nature and extent of disability, and (6) vocational rehabilitation. While the record of those hearings is not before us, the Commissioner found as follows:

The Commission has concluded to allow the claim for additional temporary total disability from April 21, 1984 to date and continuing; and finds on the third and fourth issues that the claimant's medical treatment and surgery for the left leg and knee as of April 21, 1984 is causally related to the accidental injury of December 19, 1979, and will direct the employer, self-insurer, to provide for same. The Commission finds on the second issue that the employer, self-insurer, shall pay medical bills including the bill of Dr. Thomas Pezefsky in accordance with the Medical Fee Schedule of this Commission; *and further finds on the sixth issue that the claimant shall be referred to the Division of Vocational Rehabilitation.*

It is therefore this 1st day of November, 1984, by the Workmen's Compensation Commission ORDERED that Koppers Company, Incorporated, employer, self-insurer, pay unto Lawton Edward Ewing, claimant, compensation for additional temporary total disability at the rate of $220.00, payable weekly, beginning April 21, 1984 to date and continuing during the period of temporary total disability of the claimant pending further Order from this Commission; and pay for further medical treatment including surgery and medical treatment and surgery for the left leg and knee as of April 21, 1984; and pay medical bills including the bill of Dr. Thomas Pezefsky in accordance with the Medical Fee Schedule of this Commission; *and further ORDERED that Lawton Edward Ewing, claimant, be referred to the Division of Vocational Rehabilitation.* This Award is subject to further consideration by this Commission as to whether the claim-

ant sustained any increase in permanent disability, the case shall be reset only on request; subject to the provisions of the Workmen's Compensation Law of Maryland.

It is further ORDERED that statement of compensation paid be filed with this Commission in due time.

EDWARD A. PALAMARA
COMMISSIONER

(Emphasis added)

Koppers filed a timely appeal to the Circuit Court for Baltimore County. It alleged, among other things, that the Commission erred in finding a causal relationship between the accident of December 19, 1979, and the existing leg and knee condition. That appeal, case number 84–CG–1438, is still pending before the circuit court.

Subsequent to that appeal, on April 12, 1985, the parties were notified by the Commission that a written vocational rehabilitation plan and report had been filed and that either of them could request a hearing to controvert the report within ten days from the date of the notice. Koppers responded by letter to the Commission, dated April 17, 1985, which it asked be accepted as notice of controversion, but did not request a hearing. That letter also reminded the Commission, "this case is on appeal to the Circuit Court for Baltimore County and will be tried according to the current schedule on May 21, 1985." The case was not tried on the expected date.

On June 7, 1985, Ewing requested a hearing before the Commission on the issue of vocational rehabilitation. After some further negotiations and attempts to reach an agreement, a hearing was held on November 12, 1985, on the issues of (1) controversion of the vocational rehabilitation report, and (2) credit for payments, culminating in findings and orders as follows:

The Commission has concluded to deny the employer, self-insurer's controversion of the vocational rehabilitation report; and finds that the claimant shall undergo the program at Dundalk Community College in Business

Management including Accounting and Bookkeeping; and that the employer, self-insurer shall pay the claimant compensation at the rate of $220.00 per week during said period of Vocational Rehabilitation; and finds. on the second issue that the request for credit of payments paid for job placement attempts versus benefits under schooling is denied.

It is, therefore, this 20 day of November, 1985, by the Workmen's Compensation Commission ORDERED that Lawton Edward Ewing, claimant, undergo vocational rehabilitation program at Dundalk Community College as hereinabove stated; and further ORDERED that Koppers Company, Incorporated, employer, self-insurer, pay unto Lawton Edward Ewing, claimant, compensation for vocational rehabilitation at the rate of $220.00, payable weekly and continuing during said period of vocational rehabilitation; subject to the provisions of the Workmen's Compensation Law of Maryland.

It is further ORDERED that statement of compensation paid be filed with this Commission in due time.
EDWARD A. PALAMARA
COMMISSIONER

Koppers filed a timely appeal from this decision. Its Petition, filed pursuant to Rule B2 e, alleged, among other things, that the Commission exceeded the powers granted it in that the Commission did not have jurisdiction to hear any further issues while the claim was already on appeal, as the Commission retained jurisdiction only with regard to additional medical treatment and attention, and that vocational rehabilitation and additional temporary total disability benefits are not such issues. This appeal was assigned case number 85–CG–4016.

Koppers subsequently moved for summary judgment pursuant to Rule 2–501. After a hearing, Judge John E. Raine, Jr., ruled that it is beyond the jurisdiction of the Commission to make a supplemental award while an appeal on the same case is pending. His "memorandum opinion" said:

It is the opinion of this Court that an Appeal, properly taken, removes matters from the jurisdiction of the Workmen's Compensation Commission and prevents the Commission from making a Supplemental Award for the same injury being questioned on Appeal. While an Appeal is pending and a report is filed with the Commission from the Division of Vocational Rehabilitation, and under existing rules the Employer/Self-Insurer was required to controvert and they did so, but asked for no hearing and called attention to the pending Appeal, the Employer/Self-Insurer is entitled to have a decision on the initial Award of the Commission before required to confront the possibility of a Supplemental Award.

Summary Judgment was granted and this appeal followed.

Appellant avers that the trial judge's opinion essentially holds that the taking of an appeal automatically deprives the Commission of jurisdiction to act in *any matter* pertaining to the claim while the appeal is pending. He says this is contrary to the law as articulated by the Court of Appeals in *Pressman v. Accident Fund,* 246 Md. 406, 228 A.2d 443 (1967), and by this Court in *Trojan Boat Co. v. Bolton,* 11 Md.App. 665, 276 A.2d 413 (1971). Whether that is a reasonable interpretation of Judge Raine's *opinion* is not important. This appeal is not from the *opinion,* but is from the *judgment* entered thereon. *Thomas v. Dep't of Health & Mental Hyg.,* 62 Md.App. 166, 172, 488 A.2d 983, 986 (1985). The same rule applies to appeals from the Commission to the circuit court.

"An appeal is allowed, not from a finding or opinion of the Commission, but from its 'decision' disposing of the case."

*Pressman, supra,* 246 Md. at 415, 228 A.2d 443, quoting *Furley v. Warren-Ehret Co.,* 195 Md. 339, 345, 73 A.2d 497 (1950).

In *Pressman* a hearing was held on April 3, 1964, at which the Commission determined the identity of the em-

ployer and made an award for temporary total disability. No evidence was introduced and no finding was made as to whether the State Accident Fund was the insurer. The employee appealed to the Court of Common Pleas of Baltimore City. While that appeal was pending, a further hearing was held before the Commission on the issue of insurance coverage. The Commission held the Fund was the insurance carrier and ordered payment by the Fund of temporary total disability. The Fund appealed that order. Both sides moved for summary judgment. The Fund contended, *inter alia*, that the taking of the appeal from the earlier decision automatically deprived the Commission of jurisdiction to act in the matter while that appeal was pending. The Court held that, inasmuch as no evidence was offered on the question of insurance at the first hearing and no decision made on the issue, the Commission retained jurisdiction to adjudicate the question as it did at the second hearing, citing Maryland Code (1957, 1985 Repl.Vol.) Art. 101, § 40(c) which said then as now:

> The powers and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto as in its opinion may be justified....

In *Union Mining Co. v. Del Signora,* 191 Md. 55, 61, 59 A.2d 771, 773 (1948), Judge Grason, for the Court, had said

> After the Commission made the award in this case, *and no appeal was taken therefrom,* it retained jurisdiction over the matter.... (emphasis added)

The *Pressman* Court held the quoted language did not prevent retention of jurisdiction by the Commission to deal with aspects of a case which were not dealt with or embraced within a decision on other aspects which had been appealed.

Judge Powers said for this Court in *Flying "A" Serv. Stat. v. Jordan,* 17 Md.App. 477, 302 A.2d 650 (1973):

A decision of the Commission which an aggrieved party is entitled to have reviewed by a court must be an operative order which has the effect of granting or denying some benefit under the Workmen's Compensation Law. Most often, such a decision is reached by giving effect to multiple findings, but it is the ultimate decision or order, not each individual finding, which is the basis for judicial review. Obviously, *in a review of the correctness of a decision or order, each finding that contributed to the final result is examined,* and one incorrect finding may make the result incorrect. But the appeal is from the result, rather than from each of its separate elements.

17 Md.App. at 480–81, 302 A.2d at 653 (emphasis added).

As previously noted, the first decision of the Commission, which is the subject of the appeal in case number 84–CG–1438, included a finding and order that "the claimant shall be referred to the Division of Vocational Rehabilitation." Clearly, the Commission "dealt with" that issue.

By Ch. 744, Acts of 1968, the General Assembly added a new section to the benefits provided by the Workmen's Compensation Act. Maryland Code (1957, 1985 Repl.Vol.) Art. 101, § 36(9) says, in pertinent part:

(a) When as the result of an injury, an employee is disabled from performing work for which he was previously qualified, he shall be entitled to vocational rehabilitation as reasonably necessary to restore him to suitable employment. The employer and insurer shall pay the expenses of the vocational rehabilitation. The Commission shall refer the employee to an appropriate rehabilitation evaluation agency for evaluation of the practicability of, need for, and type of training necessary and appropriate to render the employee fit for a remunerative occupation. Vocational rehabilitation training shall not extend for a period of more than twenty-four (24) months.

(b) The Commission, upon receiving a report from the rehabilitation evaluation agency, shall promptly notify all parties of the contents of the report. Any party in

interest may within ten (10) days from the date of issuance of the report, request a hearing to controvert the report. At the hearing, the parties may present additional evidence as necessary. Following the hearing, the Commission shall make a decision accepting or rejecting in whole or in part the vocational rehabilitation agency report and issue an appropriate order regarding vocational rehabilitation of the employee.

(c) During the period an employee is undergoing vocational rehabilitation training, he shall be entitled to compensation as if he were temporarily totally disabled.

We have been referred to, and our own research has discovered, no Maryland cases dealing with or construing § 36(9).[1] The plain language of the statute is, that for an employee to be entitled to vocational rehabilitation, he must be disabled, *as the result of an injury,* from performing work for which he was previously qualified. If he is not disabled, or if any disability is not the result of an injury, there is no entitlement to vocational rehabilitation. It necessarily follows that the entitlement to vocational rehabilitation is "embraced within a decision on the other aspects which had been appealed," *i.e.,* additional temporary total disability and causal connection. *Pressman,* 246 Md. at

---

1. The section was referred to in *J & M Construction Co. v. Braun,* 44 Md.App. 602, 410 A.2d 607 (1980), dealing with apportionment of permanent disability pursuant to § 36(7). There, the claimant sustained an accidental back injury in 1975, as a result of which he was awarded permanent partial disability. In 1976, while employed by a different employer, he sustained a second injury and filed a claim. The Commission passed an order awarding temporary total disability but did not decide permanent disability. Thereafter, before any determination had been made as to any permanent disability resulting from the second accident, he applied for vocational rehabilitation. It was undisputed that after the second accident he was disabled from performing work for which he was previously qualified and thus was entitled to vocational rehabilitation reasonably necessary to restore him to suitable employment. The Commissioner ordered the second employer's insurer to pay all of the expenses of vocational rehabilitation. The trial court granted summary judgment affirming the Commission, and this Court affirmed.

416, 228 A.2d 443. It was not independent and distinct from the issues on appeal.

We recognize the principle that the Workmen's Compensation Act is to be construed as liberally in favor of injured employees as the Act's provisions will permit so as to effectuate its benevolent purpose as remedial social legislation. *Lovellette v. City of Baltimore,* 297 Md. 271, 465 A.2d 1141 (1983). But this does not mean that the Act should be construed to provide for benefits beyond those authorized by its provisions. *Subsequent Injury Fund v. Thomas,* 275 Md. 628, 635, 342 A.2d 671, 675 (1975). We further note, as did Chief Judge Gilbert for this Court, in *Great American Ins. v. Havenner,* 33 Md.App. 326, 364 A.2d 95 (1976) that payments of compensation made pursuant to an award by the Commission, even though reversed on appeal, may not be recovered from the claimant. Since the appeal does not operate as a stay, the claimant is fully protected during the pendency of that appeal.

Appellant cites *Vinci v. Allied Research,* 51 Md.App. 517, 444 A.2d 462 (1982), as supportive of his position. That case discusses the general continuing jurisdiction of the Commission under § 40(c) of the Act and the applicability of the doctrines of res judicata and collateral estoppel to actions by the Commission after a judgment on appeal. It does not discuss the jurisdiction of the Commission pending an appeal.

The provision in § 56(a) of the Act that the Commission retains jurisdiction pending appeal to issue supplemental orders for additional medical treatment and attention is not applicable to this case. Vocational rehabilitation is not within the meaning of medical treatment and services as defined in the Act. *See Harris v. Janco Enterprises,* 53 Md.App. 674, 455 A.2d 453 (1983).

We need not and do not decide whether a referral to the Division of Vocational Rehabilitation standing alone (as opposed to a decision accepting or rejecting the report of the vocational rehabilitation agency) is an order of the

Commission which grants a benefit under the worker's compensation law entitling a party to judicial review. *Eastern Stainless Steel v. Nicholson,* 60 Md.App. 659, 484 A.2d 296 (1984). Under the facts of this case, the referral was dependent upon and directly involved in the orders on temporary total disability and causal connection, which were proper matters for judicial review. Under these circumstances, the pending appeal in case number 84–CG–1438 stayed the power of the Commission to order vocational rehabilitation and Judge Raine properly granted summary judgment in case number 85–CG–4016.

JUDGMENT AFFIRMED. APPELLANT TO PAY THE COSTS.