J-S79001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CESAR AUGUSTA FERNANDEZ | : | |
| | : | |
| Appellant | : | No. 665 MDA 2018 |

Appeal from the PCRA Order April 2, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003598-2005

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED APRIL 15, 2019**

Cesar Augusta Fernandez ("Appellant") appeals from the denial of his

*pro se* petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The PCRA court set forth the following factual and procedural history:

On November 15, 2006, following a jury trial, [Appellant] was convicted of murder of the third degree and related offenses.[1] On January 24, 2007, [Appellant] was sentenced by the Honorable Linda K.M. Ludgate to an aggregate term of twenty-three and one-half to forty-seven years of incarceration. [Appellant] appealed to the Superior Court of Pennsylvania, which affirmed his judgment of sentence on May 12, 2008. [Appellant] did not seek review in the Supreme Court of Pennsylvania.

[1] 18 Pa.C.S.A. § 2502(c)

Subsequently, [Appellant] sought collateral relief, which was denied. On or about May 5, 2017, [Appellant] filed the instant PCRA Petition, which is his third. This matter was reassigned to [Judge Eleni Geishauser] on July 10, 2017.

Trial Court Opinion, 5/8/18, Exhibit A, Order and Notice of Intent to Dismiss, 3/8/18, at 1–2. Upon consideration of Appellant's PCRA petition, the PCRA court dismissed Appellant's petition because it was patently untimely and not subject to any exceptions. *Id*. Appellant filed a timely appeal and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Before we address Appellant's PCRA petition, we must first dispose of the praecipe/application for relief that Appellant filed with this Court. By way of background, Appellant filed his appellate brief on August 22, 2018. The Commonwealth filed its brief on November 13, 2018. Appellant, however, did not receive a copy of the Commonwealth's brief, despite the Commonwealth's assertion that it made several attempts to serve him.[1] On December 18, 2018, Appellant filed an Application for Relief with this Court in which he asked the Court to order the Commonwealth to serve Appellant a copy of the brief and grant him fourteen days to file his reply. Application for Relief, 12/18/18, at unnumbered 1. Appellant also asked this Court to prohibit the Commonwealth from utilizing its brief "during the upcoming or any future empaneling of this Court." *Id*.

On January 7, 2019, this Court granted Appellant's application for relief in part, ordered the Commonwealth to re-serve its brief on Appellant, and

_____

[1] According to the Commonwealth's response to our January 7, 2019 Order, there was an issue with the company responsible for copying and forwarding mail to inmates. Commonwealth's Response, 1/17/19, at Attachment.

- 2 -

gave Appellant fourteen days from the date of service to file his reply. Order, 1/7/19. Appellant received the Commonwealth's brief and filed his reply on February 4, 2019. On that date, Appellant filed a praecipe with the Prothonotary of the Superior Court, once again asking this Court "to levy a sanction upon the Commonwealth prohibiting [its] Appellee Brief from being utilized during the upcoming or any future empaneling of this Court." Praecipe, 2/4/19, at unnumbered 1. Appellant also requested that this Court contact the company responsible for copying and forwarding mail to inmates to determine whether the Commonwealth attempted to "interfere in the expeditious and proper administration of justice." *Id*. at unnumbered 3. As noted *supra*, Appellant received a copy of the Commonwealth's brief and filed a reply brief, which this Court has considered in rendering the instant decision. Therefore, we deny Appellant's February 4, 2019 praecipe/application for relief.

Turning to the instant appeal, Appellant presents the following questions for our review (verbatim):

I. Did the PCRA court err and abuse it's discretion in denying PCRA relief based on the fact Appellant did not prove applicability of 42 Pa.C.S. §9545(b)(1)(iii) did not apply, where claims were based under §9545(b)(1)(i)-(ii)?

II. Did the PCRA court err and abuse it's discretion in finding **Burton** is not retroactive, where it involves the interpretation of a constitutional statute, thus automatically retroactive to the enactment of the statute interpreted [**Davis v. City of Phila.**, 650 A.2d 1127 (Pa. Commw. 1995)]?

- 3 -

III. Did the PCRA court err in not granting hearing, where Appellant met the sixty day window pursuant to 42 Pa.C.S. §9545(b)(2), raising government interference and newly discovered fact exception, where evidence of counsel abandonment is apparent on the face of the record?

IV. Did the PCRA court err in attaching non reported case to it's onpinion, where the basis of the decision has been overruled by **Burton** holding, which now holds documents in the public domain can constitute newly discovered fact?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011), *appeal denied,* 615 Pa. 784, 42 A.3d 1059 (2012) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.* (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.

*Commonwealth v. Hernandez*, 79 A.3d 649, 651–652 (Pa. Super. 2013)

(footnote omitted).

Before we reach the merits of Appellant's petition, we must first determine whether we have jurisdiction to hear Appellant's claims. In the instant case, following his conviction, Appellant was sentenced on January 24, 2007. He appealed his judgment of sentence to this Court on February 6, 2007, and we affirmed the judgment of sentence on April 11, 2008. ***Commonwealth v. Fernandez***, 953 A.2d 827, 216 MDA 2007 (Pa. Super. filed April 11, 2008) (unpublished memorandum). Appellant did not seek review by the Supreme Court of Pennsylvania, and thus, his judgment of sentence became final on May 12, 2008, when the period for seeking review expired. Pursuant to 42 Pa.C.S. § 9545(b)(1), Appellant had until May 12, 2009, to file a timely PCRA petition. The instant petition was filed May 5, 2017, nearly eight years after the May 12, 2009 deadline; thus, it is untimely.

A PCRA petition filed more than one year after the judgment of sentence becomes final is untimely unless the petitioner invokes one of the following exceptions:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time

> period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).

Although Appellant presents four issues on appeal, he essentially is arguing that the PCRA court erred when it found that the instant PCRA petition, his third, was untimely filed and not subject to any of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i-iii). Appellant argues that the PCRA court erred when it found he did not satisfy the newly discovered fact exception and the governmental interference exception. Appellant's Brief at 10. Specifically, Appellant asserts the "PCRA court failed to independently review the record evidence of Appellant's due diligence and the applicability of the Pennsylvania Supreme Court's [*Burton*[2]] holding" when it determined that his PCRA petition was untimely. Appellant's Brief at 11.

Appellant argues that the PCRA court erred in finding his petition untimely because it failed to review the evidence as it related to Appellant's due diligence in learning that he had been abandoned by his counsel, which Appellant avers was a newly discovered fact. Appellant's Brief at 11. The issue of Appellant's due diligence in learning his counsel had abandoned him was previously decided by this Court in *Commonwealth v. Fernandez*, 131

---

[2] *See Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017) (holding that the presumption that information in the public record cannot be deemed unknown under the newly discovered exception to the PCRA does not apply to incarcerated *pro se* prisoners).

A.3d 100, 74 MDA 2015, (Pa. Super. filed August 21, 2015) (unpublished memorandum). Therein, Appellant appealed the dismissal of his second PCRA petition, which also was untimely. Appellant argued that his first PCRA counsel had abandoned him and this constituted a newly discovered fact pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). On appeal, this Court found that Appellant had not exercised due diligence because, although he initially communicated with the PCRA court about the status of his petition, he made no efforts in that regard from June of 2010 until January of 2013, and offered no explanation as to why he took no steps to investigate the status of his petition in the intervening two-and-one-half-year period. *Fernandez*, 74 MDA 2015, (unpublished memorandum at *7).

Thus, as best this Court can discern, Appellant is arguing that the PCRA court erred in determining his petition was untimely because it refused to revisit and reverse the already litigated issue of whether he acted with due diligence.[3] As set forth in the PCRA, in order to be eligible for relief, a petition must show, *inter alia*, "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). The issue of Appellant's due diligence was adjudicated by this Court in response to an earlier PCRA petition, and the PCRA court in the instant appeal did not err in refusing to revisit the

---

[3] The majority of Appellant's reply brief is dedicated to the issue of whether he exercised due diligence in determining that he had been abandoned by his counsel. Appellant's Reply Brief, 2/4/19, at unnumbered 1-5.

issue. *See Fernandez*, 74 MDA 2015 (unpublished memorandum at \*4) ("Based upon the record before us, we must conclude that [Appellant] did not exercise due diligence."). Appellant is attempting to re-litigate this issue and is due no relief under the PCRA.

Appellant also argues that the PCRA court erred when denied his PCRA petition as untimely because *Burton* applies retroactively. According to Appellant, it is "well settled law in this Commonwealth that statutory interpretation of a statute is retroactive to the enactment of the statute." Appellant's Brief at 14. Appellant misunderstands and misapplies the law.

First, we note that even if *Burton* were to apply as Appellant argues, it would not have any impact on the timeliness of his PCRA petition because this Court previously found that Appellant failed to exercise due diligence in determining whether his prior PCRA counsel had abandoned him, regardless of whether *Burton* were to apply retroactively. Further, this Court has held that *Burton* does not apply retroactively because it did not create a new constitutional right nor was it a watershed rule of PCRA procedure. *Commonwealth v. Kretchmar*, 189 A.3d 459, 463-464 (Pa. Super. 2018). Hence, *Burton* is inapplicable to Appellant's case.

Appellant has failed to show that his third PCRA petition is subject to any of the enumerated exceptions to the timeliness requirement. The PCRA court did not err when it denied his untimely petition.

Appellant's Praecipe/Application for Relief filed February 4, 2019, is denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/15/2019